## A03A1940. ROBINSON v. THE STATE.

(594 SE2d 696)

MIKELL, Judge.

Eddie Jerome Robinson was convicted of one count of child molestation and one count of aggravated child molestation based on acts committed against his former girlfriend's six-year-old daughter, N. H.[1] On appeal from the order denying his motion for new trial, Robinson alleges that the trial court erred in excluding two prior inconsistent statements and in denying his ineffective assistance of counsel claims. We affirm.

1. Robinson first contends that the trial court erred in refusing to permit him to impeach his former girlfriend, V. H., with her grand jury testimony.

OCGA § 24-9-83 provides in relevant part:

A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case. Before contradictory statements may be proved against him, . . . the time, place, person, and circumstances attending the former statements shall be called to his mind with as much certainty as possible. If the contradictory statements are in writing and in existence, they shall be shown to him or read in his hearing.

V. H. testified on direct that on the night of the incident, she saw Robinson push her child's head up and snatch his pants up. V. H. further testified that at first, her daughter denied that anything happened, but then she said that she "was licking on man's thing." On cross-examination, V. H. admitted that on May 8, 1992, she testified before the grand jury; that neither Robinson nor his lawyer was present; that she was under oath; that she told the whole truth and nothing but the truth; and that she told the grand jury that she did not

---

[1] Robinson was previously convicted of these same offenses, but his conviction was reversed based on the erroneous admission of evidence of unindicted prior acts between himself and the victim. *Robinson v. State,* 213 Ga. App. 577 (445 SE2d 564) (1994).

really know what happened on May 8, 1992. However, when defense counsel asked V. H. whether she recalled telling the grand jury that her daughter had stated that she was licking Robinson's face, V. H. replied that she did not. Defense counsel presented V. H. with an excerpt from her grand jury testimony and asked her to read it. She did so, but before counsel could question her further, the prosecutor objected on the ground that the one-page excerpt did not bear the certificate of the court reporter or the clerk of court. The court held that the transcript would need to be authenticated in order for defense counsel to read it to the witness in the jury's presence. After V. H. testified that the excerpt was not accurate, the court ruled that the transcript could not be admitted as substantive evidence because it was not properly authenticated.[2]

In 1982, the Supreme Court held that a prior inconsistent statement of a witness who testifies and is subject to cross-examination is admissible both to impeach the witness and as substantive evidence.[3] In 1997, two years after the trial of the case at bar, the Court clarified that in order to lay the foundation for impeaching a witness with a prior inconsistent statement, the cross-examiner must show the written contradictory statement to the witness or read it in his or her hearing; the attorney need not introduce the prior written statement into evidence before using it to impeach the witness.[4]

Based on these precedents, Robinson argues that he should have been permitted to prove the prior contradictory statement in accordance with OCGA § 24-9-83. We agree. However, we find the error harmless in light of the overwhelming evidence of Robinson's guilt.[5] The test for harmful error is whether it is "highly probable" that the error contributed to the judgment.[6] The victim in this case testified in graphic detail concerning the sexual acts that she performed upon Robinson at his request. The victim told her aunt, a police officer, and a therapist, all of whom corroborated the child's testimony. Accordingly, it is not highly probable that the error contributed to Robinson's conviction.

2. In his second enumeration of error, Robinson asserts that the trial court erred in refusing to admit a prior inconsistent statement of witness Earline Moore. The statement was written by an investigator on the bottom of a subpoena issued to Moore. It states: "confirms that [V. H.] stated Eddie did not molest child; but said she

---

[2] See OCGA § 24-7-20; compare *Livingston v. State*, 271 Ga. 714, 721 (6) (524 SE2d 222) (1999) (transcript certified by court reporter and deputy clerk of court held admissible).

[3] *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717) (1982).

[4] *Duckworth v. State*, 268 Ga. 566, 568 (1) (492 SE2d 201) (1997); OCGA § 24-9-83.

[5] See *Worthy v. State*, 253 Ga. 661, 665 (4) (324 SE2d 431) (1985).

[6] *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

would make it stick anyway." Moore testified that V. H. had said that Robinson had "messed with" the victim; that V. H. never said the allegation was untrue; that the investigator had instructed Moore to say that the allegation was untrue; that she did not read well, so the investigator read the statement to her and she signed it; and that the investigator did not tell her that it said that V. H. told Moore that Robinson did not molest the victim. After this testimony, Robinson moved to admit the subpoena. The state objected on hearsay grounds because the investigator did not testify. The court sustained the objection, finding that the investigator's writing could not be considered Moore's statement because her signature appeared above the writing, directly underneath the typewritten part of the subpoena. Pretermitting whether this ruling was error, it was not harmful because the witness was vigorously examined about the statement and the jury was made aware of its contents.[7]

3. Robinson finally contends that the trial court erred in refusing to grant him a new trial on the basis of ineffective assistance of counsel. In order to prevail on this claim, Robinson must show that his trial counsel's performance was deficient and that the deficient performance so prejudiced him that there is a reasonable probability that, but for counsel's errors, the outcome of the trial would have been different.[8] Unless it is clearly erroneous, the trial court's determination that the defendant has not been denied effective assistance of counsel will be affirmed on appeal.[9]

Robinson contends that his trial counsel was ineffective in failing to subpoena the investigator who interviewed Moore or to request a continuance in order to secure the investigator's attendance at trial. We conclude that the trial court did not err in denying Robinson's claim. In an affidavit submitted in support of the motion for a new trial, counsel averred that the investigator was ill and unable to appear at trial. It appears, therefore, that counsel made a tactical decision not to delay the trial for this witness's testimony. "Counsel's decisions on matters of tactic and strategy, even if unwise, do not amount to ineffective assistance of counsel."[10] This enumeration is meritless.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 9, 2004.

---

[7] *Duckworth*, supra at 569-570 (2).

[8] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[9] *Smith v. State*, 256 Ga. 483 (351 SE2d 641) (1986).

[10] *Scott v. State*, 238 Ga. App. 258, 260 (2) (518 SE2d 468) (1999).

*Sharon L. Hopkins*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney*, for appellee.