## A06A0407. JONES v. THE STATE.
(626 SE2d 142)

BLACKBURN, Presiding Judge.

Following a joint jury trial, Michael Jones was convicted of possession of cocaine and co-defendant Terry Light was convicted of sale of cocaine, as well as of sale of cocaine near a school. Jones appeals the trial court's denial of his motion to sever. For the reasons set forth below, we affirm.

On appeal, "[t]his Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence." (Punctuation omitted.) *Escutia v. State*.[1] Viewed in this light, the evidence shows that on September 20, 2003, two City of Marietta police officers were working undercover in a high drug crime area. While in the parking lot of a convenience store, they were approached by co-defendant Light. One of the officers informed Light that he was interested in buying crack cocaine. Light responded that he knew someone that could set the officer up and led the officers to a nearby inn. Once there, Light approached Vivianna Nazario, who was sitting on the sidewalk outside the inn, and asked her if she had any crack cocaine she could sell. Nazario led Light and the two officers up a trail to a nearby apartment complex. At the apartment complex, Nazario took the officer's money, knocked on the door of apartment 14, and entered the apartment after the door was opened by a person the officers were unable to see. A minute or two later, she emerged from the apartment and handed the officer a small amount of crack cocaine. After concluding the deal, Nazario, Light, and the officers walked back down the trail toward the inn. The officers then called for backup, and both Light and Nazario were arrested.

Later that evening, in an attempt to determine the source of the cocaine, one of the officers returned to the apartment complex and knocked on the door of apartment 14. Jones, who was sitting on a staircase landing above the apartment, informed the officer that it was his residence. The officer asked Jones several times about buying crack cocaine but Jones would only repeat the officer's questions

---

[1] *Escutia v. State*, 277 Ga. 400, 402 (2) (589 SE2d 66) (2003).

verbatim. After a few minutes, the officer decided to leave and secure a search warrant for Jones's apartment. The officer returned the next evening with a search warrant and a SWAT team to assist him in entering the apartment. They encountered Jones, again outside of his apartment, and detained him prior to entering. Inside the apartment the officers found two pipes containing white residue. The residue in one of the pipes tested positive for cocaine. In addition, the officers found various household items commonly used in manufacturing crack cocaine as well as a counterfeit $20 bill. Jones denied knowledge of any drug activity taking place in his apartment but was nevertheless arrested.

Nazario and Light were indicted on counts of sale of cocaine and of sale of cocaine near a school. Jones was indicted on one count of possession of cocaine and on one count of forgery. Prior to trial, Nazario pled guilty but eventually testified in Light's defense. Also prior to trial, Jones filed a motion to sever, arguing that he should be tried separately from Light because the alleged crimes were separate incidents and because the arrests occurred a day apart. The court denied the motion, and a joint trial of Light and Jones ensued. Light was convicted of both sale of cocaine and of sale of cocaine near a school. Jones was acquitted of forgery but convicted of possession of cocaine. This appeal followed.

Jones contends that the trial court erred in denying his motion to sever, arguing that he did not receive a fair trial in that trying him with a co-defendant who was charged with a different crime on a different date prejudiced his case. We disagree. A trial court's decision to deny a motion to sever will be affirmed absent an abuse of discretion. *Heard v. State*;[2] *Anderson v. State*.[3] The defendant moving for severance has the burden of making a clear showing of prejudice and of a denial of due process in the absence of severance. *Sharpe v. State*.[4] Indeed, "[i]n satisfying this burden, a defendant must do more than simply assert that he would have a better chance of acquittal if he were tried separately." *Rust v. State*.[5] The factors a trial court must weigh in considering a motion to sever are:

> (1) whether the number of defendants will create confusion as to the evidence and the law applicable to each, (2) whether there is a danger that evidence admissible against one defendant will be considered against the other despite the court's instructions, or whether the strength of the evidence

[2] *Heard v. State*, 274 Ga. 196, 199 (5) (552 SE2d 818) (2001).

[3] *Anderson v. State*, 261 Ga. App. 456, 460 (2) (582 SE2d 575) (2003).

[4] *Sharpe v. State*, 272 Ga. 684, 686 (2) (531 SE2d 84) (2000).

[5] *Rust v. State*, 264 Ga. App. 893, 898 (2) (592 SE2d 525) (2003).

against one defendant will engulf the other with a "spillover" effect, and (3) whether the defendants' defenses are antagonistic to each other or to each other's rights.

*Stephens v. State.*[6] See *Cain v. State.*[7]

None of the above factors were present in the instant case. Jones and Light were the only two defendants tried and, given the fact that they were charged with separate crimes, there was no danger of the jury being confused as to the law and evidence applicable to each. See *Jones v. State.*[8] Indeed, Jones does not contend that the number of defendants created a danger of confusion requiring severance.

Instead, Jones focuses on the second factor, arguing that severance should have been granted because the respective crimes with which he and Light were charged were based on separate incidents and because the evidence implicating Light in the sale of cocaine spilled over to improperly prejudice Jones's case. Neither of these contentions has merit. While it is true that Light and Jones were arrested a day apart and were charged with different crimes, the overall criminal conduct for which they were accused involved the same general place of occurrence, the same general conduct, as well as the same undercover officers. Such evidence, in the absence of a showing of prejudice, warranted a joint trial. See *Stevens v. State.*[9] Moreover, Jones failed to establish that he was prejudiced by being tried jointly with Light given the fact that there was no evidence admissible against Light which was inadmissible against Jones. See *Jones*, supra. In addition, Jones's reliance on *Price v. State*[10] for the argument that his conviction was more than likely the result of a spillover effect from the overwhelming evidence against Light for the sale of cocaine, is misplaced given the fact that independent compelling evidence (the pipe containing cocaine residue) existed to convict Jones of possession. See *Thomas v. State.*[11]

Finally, Jones does not explicitly contend that his and Light's defenses were antagonistic, and we indeed find that their respective defenses could not be so characterized. Both Jones and Light denied the respective charges against them, and neither attempted to implicate the other as the sole perpetrator for the crimes with which each was respectively charged. Furthermore, Nazario's testimony in which she attempted to exonerate Light did not implicate Jones for

---

[6] *Stephens v. State*, 245 Ga. App. 823, 827 (8) (538 SE2d 882) (2000).
[7] *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975).
[8] *Jones v. State*, 253 Ga. 640, 642 (2) (322 SE2d 877) (1984).
[9] *Stevens v. State*, 210 Ga. App. 355, 356 (2) (436 SE2d 82) (1993).
[10] *Price v. State*, 155 Ga. App. 844, 846 (1) (273 SE2d 225) (1980).
[11] *Thomas v. State*, 274 Ga. 156, 159 (2) (549 SE2d 359) (2001).

Light's crimes. Moreover, even if the testimony provided by Nazario in Light's defense could be construed to implicate Jones for possession of cocaine, Jones cannot show that such testimony was harmful given the fact that he was able to cross-examine Nazario and testified on his own behalf to clarify Nazario's testimony. See *Baskin v. State*;[12] *Anderson*, supra at 460-461 (2). Accordingly, the trial court did not abuse its discretion in denying Jones's motion to sever. *Sharpe*, supra.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED JANUARY 9, 2006.

*Frederick M. Scherma*, for appellant.

*Patrick H. Head, District Attorney, Amelia G. Pray, Bruce D. Hornbuckle, Assistant District Attorneys*, for appellee.

---

[12] *Baskin v. State*, 267 Ga. App. 711, 715 (2) (600 SE2d 599) (2004).