**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**May 21, 2015**

# In the Court of Appeals of Georgia

A15A0701. BROOKS v. THE STATE.
A15A0702. JONES v. THE STATE.

McFADDEN, Judge.

After a joint jury trial, Kevin Dale Brooks was convicted of armed robbery, burglary, aggravated assault, two counts of false imprisonment, and possession of cocaine, and Brian Jones was convicted of armed robbery, burglary, aggravated assault, two counts of false imprisonment, and theft by taking. The trial court denied the appellants' motions for new trial, and they filed these appeals, which we review together.

Brooks argues that the evidence does not support the convictions, but we find that the evidence was sufficient. Brooks also argues that his convictions must be reversed because certain witnesses perjured themselves, but he has failed to show

perjury. Brooks further argues that his convictions must be reversed because after his trial, one of the police officers who testified against him was convicted of making false statements, but the officer's conviction was not in any way related to her testimony at Brooks's trial. Jones argues that his convictions must be reversed because the indictment on which they are based is void, but Jones waived this argument by failing to timely raise it. Jones also argues that the trial court erred by denying his motion for mistrial, but we find that the court did not abuse his discretion in admonishing the prosecutor rather than granting a mistrial. Jones further argues that the trial court should have granted his motion to sever, but we find that the trial court did not abuse his discretion in denying the motion. Both defendants argue that they received ineffective assistance of counsel, but we find that neither has shown both harm and prejudice. We therefore affirm the convictions.

1. *Sufficiency of the evidence.*

When a defendant challenges the sufficiency of the evidence supporting his criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (citation omitted;

2

emphasis in original). It is the function of the jury, not the reviewing court, to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the evidence. Id. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case, the jury's verdict will be upheld." *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (citations and punctuation omitted).

Viewed in this light, the evidence shows that when the victim pulled into his driveway after being out for the evening, Brooks and Jones, who were armed, approached him from the side of the house. The men said, "You know what this is." The victim, Brooks, and Jones entered the victim's house, and the men demanded money, drugs, and jewelry. The men began searching the victim's house and took his jewelry and phone. Jones went into a bedroom where the victim's 12-year-old son was sleeping. The boy woke up, and Jones threatened him with a pistol and took his phone. Jones kept the boy in his bedroom through the night. The boy heard another man demanding money, jewelry, and drugs from his father.

The next morning, in order to get the men to leave, the victim told them that he could withdraw money for them from his credit union account. Brooks and the victim drove in the victim's car to downtown Savannah and Jones stayed with the

3

victim's son at the house. The victim drove through the city, hoping to encounter a police officer, while Brooks kept him at gunpoint. The victim saw a police officer and began driving toward her to get her attention. The officer pulled her weapon. The victim jumped out of the rolling car, threw up his hands, and said, "They got a gun!" The car crashed into a building and Brooks fled. The victim told the officer that his son was being held captive at his house. She called for assistance. Officers then saw Brooks enter the back door of a restaurant. The SWAT team found Brooks hiding behind a file cabinet in the restaurant's office. When an officer patted down Brooks, he found in Brooks's pocket a Crown Royal bag containing 10.5 grams of cocaine and the victim's jewelry.

In the meantime, police arrived at the victim's house. Jones hid in the attic. The boy exited the house, and the police took him to the station, where he was reunited with his father. Eventually Jones exited the house, got into the victim's girlfriend's car, backed it out, and fled. The street was a dead-end, and Jones crashed the car into some trees. He exited the car and fled on foot. He was eventually caught in the woods.

We conclude that the evidence adduced at trial was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Brooks and Jones were

guilty of the crimes of which they were convicted. *Jackson*, supra, 443 U. S. at 319 (III) (B).

2. *The indictment*.

Jones argues that his convictions must be reversed because the indictment under which he was charged was void, as one of the grand jurors who returned the indictment was a convicted felon. By failing to timely raise it, Jones has waived this attack on the indictment.

Under OCGA § 15-12-60 (c), "Any person who has been convicted of a felony in a state or federal court who has not had his or her civil rights restored . . . shall not be eligible to serve as a grand juror." But "to be cognizable, most attacks on an indictment, including a challenge to the composition of the grand jury that returned it, must be brought within ten days of arraignment, unless the trial court extends that deadline." *Bighams v. State*, 296 Ga. 267, 269 (2) (765 SE2d 917) (2014) (citations and footnote omitted) (rejecting as untimely appellants' challenge to indictment that was allegedly void because of composition of the grand jury). See also *Hill v. Stynchcombe*, 225 Ga. 122, 127 (10) (166 SE2d 729) (1969) (challenges to composition of grand jury must be made within specified time or are waived); *Lumpkin v. State*, 152 Ga. 229, 231 (109 SE 664) (1921) (challenge to grand jury

5

based on service of disqualified person must be made within specified time frame, and "cannot be raised for the first time after verdict").

Jones argues that he did not waive his attack on the indictment because the indictment was void, which rendered the judgment of conviction void, and a void judgment may be attacked at any time. Jones has cited no authority to support his assertion that a judgment of conviction entered upon an indictment that is allegedly void due to composition of the grand jury is itself void. But in *Garza v. State*, 325 Ga. App. 505, 506 (1) (753 SE2d 651) (2014), we held that the fact that the defendant's convictions arose from an indictment void due to an improperly constituted grand jury did not render his sentence void. Moreover, in *Bighams*, supra, our Supreme Court rejected the appellants' challenge to their convictions based on an allegedly void indictment, concluding that because they failed to make it within ten days of arraignment, the appellants waived their argument that an indictment was void due to the illegal composition of the grand jury.

3. *Severance*.

Jones argues that the trial court erred by denying his motion to sever his trial from that of Brooks because the joint trial likely led to juror confusion, evidence of

another crime was presented against Brooks, they presented antagonistic defenses, and he was unable to fully present his statement to police. The claim is without merit.

> In ruling on a severance motion, the court should consider: (1) the likelihood of confusion of the evidence and law; (2) the possibility that evidence against one defendant may be considered against the other defendant; and (3) the presence or absence of antagonistic defenses. And the burden is on the defendant requesting the severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal. He must make a clear showing that a joint trial would lead to prejudice and a consequent denial of due process. In this case, we conclude that [Brooks] has made no clear showing of prejudice and a consequent denial of due process.

*Nwakwanma v. State*, __ Ga. __, __ (3) (__ SE2d __) (Case Nos. S14A1442, S14A1443, decided Jan. 20, 2015) (citations and punctuation omitted).

Jones argues that each defendant was charged with some separate offenses: Jones was charged with theft by taking an automobile and Brooks was charged with kidnapping (of which he was acquitted). But it is unlikely the jurors were confused

> because only [two] defendants were tried and the law and evidence that applied to each of them were substantially the same. They were jointly tried for almost the same offenses, which involved [almost] the same witnesses, whose credibility the co-defendants jointly attacked, and the [s]tate's evidence indicated that they acted in concert. In addition, the

7

trial court properly instructed the jury that it was to independently determine the guilt or innocence of each defendant as to each count, and the court provided separate verdict forms for each defendant in order to avoid the potential for confusion.

Id. at __ (3) (citations omitted).

Jones argues that the jury could have concluded that the admission of evidence of another crime committed by Brooks, admitted under OCGA § 24-4-404 (b), also involved Jones. "But such evidence did not directly implicate [Jones], and the trial court gave appropriate limiting instructions, indicating that the similar transaction evidence could be considered only as to [Brooks]." Id.

Jones argues that he was entitled to severance because a detective testified about Jones's statement, but Jones's references to Brooks were omitted, which deprived Jones of the opportunity of putting his statement in the proper context by showing that Brooks, not Jones, was the main actor. The two references to Brooks in Jones's statement were that although Jones never saw it, Brooks "had to have a gun . . . 'cause [the victim] kept talking about killing, killing," and that when Brooks left with the victim in the morning it was to get the "coke." These statements would have been merely cumulative of other evidence in the record showing that Brooks had a gun and that Brooks left with the victim to get something, albeit money instead of

8

cocaine. The omission of statements that would have been merely cumulative did not mandate severance. *Brown v. State*, 260 Ga. App. 77, 79 (1) (c) (2003).

Jones argues that his defense was antagonistic to Brooks's defense. He points out that in his closing argument, Brooks's trial counsel conceded that Brooks committed the crimes of false imprisonment and burglary, and argued that the issue for the jury to resolve was whether Brooks committed kidnapping and armed robbery. Jones's defense, however, was that while "Jones voluntarily went with Brooks to obtain cocaine from [the victim], that Jones never expected things to unfold as they did and that he simply remained at the residence while Brooks turned the encounter to be fronted some cocaine into the disaster that actually occurred." In no way, however, does this defense conflict with Brooks's defense; Jones does not deny that the events at the victim's house occurred, as conceded by Brooks; he just contends that he did not intend for them to happen. "Moreover, the evidence against [Jones] implicated him as a party to the [armed robbery, burglary, aggravated assault, and false imprisonment] committed by [Brooks], so we fail to see how a defense by [Jones] implicating [Brooks] would have benefitted him.. . . Under these circumstances, [Jones] has failed to carry his burden of making a clear showing that the joint trial was prejudicial and a denial of due process." *Dorsey v. State*, __ Ga.

9

App. __ , __ (3) (__ SE2d __) (Case No. A14A1893, decided March 24, 2015). Consequently, we conclude that "the trial court did not abuse [his] discretion in denying [the] motion to sever." *Jones v. State*, 277 Ga. App. 185, 188 (626 SE2d 185) (2006) (citation omitted).

4. *Jones's motion for mistrial.*

Jones argues that the trial court abused his discretion by denying his motion for mistrial. When defense counsel was cross-examining the detective about Jones's statement described above, the prosecutor objected on the basis of "the rule of completeness" and accused defense counsel of "piecemealing" the statement. Defense counsel moved for a mistrial on the ground that the prosecutor's objection implied that defense counsel was misrepresenting the statement. The trial court denied the motion for mistrial, but, in front of the jury, admonished the prosecutor that an objection based on the rule of completeness was improper. "Whether to grant a motion for mistrial is within the trial court's sound discretion, and the trial court's exercise of that discretion will not be disturbed on appeal unless a mistrial is essential to preserve the defendant's right to a fair trial." *Grissom v. State*, 296 Ga. 406, 414 (6) (768 SE2d 494) (2015) (citation omitted). Jones has not shown that the trial court abused his discretion. *Taylor v. State*, 326 Ga. App. 27, 32 (3) (755 SE2d 839) (2014

10

(trial court did not abuse discretion in denying motion for mistrial because of prosecutor's allegedly improper comment on the evidence and instead instructing prosecutor not to "supply an editorial.").

To the extent Jones argues that the trial court erred by denying his request to introduce his statement to police in its entirety, he does not point to the record where he made such a request.

5. *Perjury*.

Brooks argues that his conviction must be reversed because of perjured testimony from state's witnesses. This argument lacks merit.

First, Brooks argues that a detective who testified at the hearing to determine the admissibility of similar transaction evidence perjured himself. Specifically, that detective testified that when Brooks exited the victim's car, after the victim abandoned it when he saw the police officer, Brooks had a gun in his hand and he fled with it. When asked whether Brooks explained what he had done with the gun, the detective testified that "I believe he said he just threw it down." Brooks contends that this testimony was perjured, because he never admitted to the detective that he had a gun. To support his claim, Brooks points solely to his own testimony at the motion

11

for new trial hearing. He offers no other evidence that the officer lied or perjured himself.

Second, Brooks argues that at trial, a similar transaction witness committed perjury when he testified that he had picked out Brooks from a photo lineup, but at the scene he told an officer that the perpetrator "[h]ad on a tee shirt covering their face and had do rags." Brooks does not even argue that the witness did not pick him out from a photo lineup, and the detective who investigated that crime testified that the witness did pick out Brooks. "We decline to leap from finding some inconsistencies in the record to the conclusion that the prosecutor knowingly used perjured testimony. It is uniquely within the province of the jury to weigh conflicting testimony under proper instructions from the [c]ourt." *Burrell v. State*, 258 Ga. 841, 842 (1) (376 SE2d 184) (1989).

6. *Witness's post-trial false statement conviction*.

Brooks argues that his conviction must be reversed because of newly discovered evidence: the fact that the police officer whom the victim drove toward when looking for help was convicted after Brooks's trial and the motion for new trial hearing of making false statements. As we observed in our order denying Brooks's motion to supplement the record with evidence of the officer's conviction, our duty

12

is to decide cases "according to the true and complete facts as they occurred in the trial court." *State v. Pike*, 253 Ga. 304, 307 (320 SE2d 355) (1984). The officer's post-trial, post-motion-for-new-trial conviction was not before the trial court. See generally, *Davis v. State*, 283 Ga. 438 (660 SE2d 354) (2008) (describing the procedural requirements for filing an extraordinary motion for new trial based on newly-discovered evidence). In any event, Brooks does not assert that the facts underlying the false statement conviction were related to his case in any way. And although he characterizes the officer's testimony at his trial as perjured, he fails to point out any falsity in her testimony.

7. *Ineffective assistance of counsel*.

The appellants argue that they received ineffective assistance of trial counsel. "To prevail on this claim, Appellants must show that their trial lawyers' performance was professionally deficient and that, but for the deficiency, there is a reasonable probability that the outcome of the trial would have been more favorable to them. See *Strickland v. Washington*, 466 U. S. 668, 687, 694 (104 SCt 2052, 80 LE2d 674) (1984)." *Bighams*, 296 Ga. at 270 (3). Appellants have not met this burden.

(a) *Failure to re-new mistrial motion.*

Jones argues that counsel was ineffective for failing to renew his motion for mistrial addressed in Division 4, supra, after the trial court admonished the prosecutor that his objection was improper. Because the trial court did not err in denying Jones's motion for mistrial, any error in counsel's failure to renew the motion was harmless. "Counsel's failure to raise a meritless objection did not amount to ineffective assistance." *Bun v. State*, 296 Ga. 549, 552 (3) (__ SE2d __) (2015) (citation and footnote omitted).

(b) *Failure to challenge the indictment*.

Brooks argues that trial counsel was ineffective for failing to move to quash the indictment or to arrest judgment. As for the failure to move to arrest judgment, "a motion to arrest judgment due to a defective indictment should be granted only when an indictment is absolutely void in that it fails to charge the accused with any act made a crime by the law." *State v. Wilson*, 318 Ga. App. 88, 92 n. 10 (1) (732 SE2d 330) (2012) (citation and punctuation omitted). Brooks does not argue that the indictment failed to charge him with an act made a crime by law. Therefore, trial counsel was not ineffective for failing to move to arrest judgment on this ground.

And at the motion for new trial hearing, trial counsel testified that he did not move to quash the indictment because the state simply could re-indict Brooks, it

14

would only delay the trial, and he had filed a speedy trial motion. This is reasonable trial strategy. *Robinson v. State*, 265 Ga. App. 481, 483 (3) (594 SE2d 696) (2004) (tactical decision not to delay trial was not ineffective assistance). Moreover,

> [e]ven assuming . . . that there was no strategic reason for not filing a timely challenge to the indictment (like the desire not to delay the trial), and thus that trial counsel performed deficiently, [Brooks has] not shown prejudice. If a timely motion to quash had been filed, the indictment likely would have been dismissed because a[ convicted felon] served on the grand jury in violation of OCGA § 15-12-60 [(c)]. The [s]tate would have been free, however, to obtain the identical indictment from a properly constituted grand jury. A dismissal would have been the first in this case, allowing the [s]tate to re-indict. See OCGA § 17-7-53.1 (barring prosecution after two indictments charging the same offenses have been quashed). The [s]tate would have faced no imminent deadlines under the statute of limitations for the crimes with which Appellants were charged. See OCGA § 17-3-1 [ ] (c). And the [s]tate had ample evidence to support the indictment. Under these circumstances, [Brooks] cannot show a reasonable probability that, but for the failure of trial counsel to file a timely motion to quash the indictment, the outcome of the trial would have been different.

*Bighams*, 296 Ga. at 270 (3) (citations omitted).

(c) *Failure to move to sever*.

15

Brooks argues that trial counsel was ineffective for failing to move to sever his trial from Jones's. As discussed in Division 3, supra, the trial court did not err in denying severance. Therefore, Brooks has not shown ineffective assistance of counsel in this regard. See *Bun*, supra, 296 Ga. at 552 (3) (failure to make meritless objection is not ineffective assistance).

*Judgments affirmed. Ellington, P. J., and Dillard, J., concur*.