# Court of Appeals
# of the State of Georgia

ATLANTA,  July 19, 2024

*The Court of Appeals hereby passes the following order:*

**A24A1747. KEVIN BROOKS v. THE STATE.**

In 2013, a jury found Kevin Brooks guilty of two counts of false imprisonment and one count each of armed robbery, burglary, aggravated assault, and possession of cocaine. The trial court imposed a 20-year sentence for the armed robbery conviction, a consecutive 10-year sentence for the burglary conviction, and concurrent sentences for the remaining convictions. We affirmed Brooks's judgment of conviction on direct appeal in 2015. *Brooks v. State*, 332 Ga. App. 396 (772 SE2d 838) (2015).

In April 2024, Brooks filed a motion to correct a void sentence, which the trial court denied. Brooks then filed this direct appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, that statutory period expires, a trial court may modify only a void sentence. Id. "A sentence is void if the court imposes punishment that the law does not allow." *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (citation and punctuation omitted). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in OCGA § 17-10-1 (f). See id.; see also *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) ("Motions to vacate a void sentence generally are limited to claims that — even assuming the existence and validity of the conviction for which the sentence was imposed — the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."). And a direct appeal

does not lie from a trial court order rejecting a request to modify a sentence filed outside the statutory time period unless the defendant raises a colorable claim that the sentence is, in fact, void. See *Frazier*, 302 Ga. App. at 348.

In his motion to correct a void sentence, Brooks argued that the trial court erred when it imposed consecutive sentences for his armed robbery and burglary convictions, because, he claimed, one crime was included in the other and the court therefore should have merged the two offenses. See, e.g., *Bonner v. State*, 308 Ga. App. 827, 830 (2) (709 SE2d 358) (2011) ("The key question in determining whether a merger has occurred is whether the different offenses are proven with the same facts.") (citation and punctuation omitted). Brooks's merger claim is a challenge to his convictions, not his sentences, and thus does not state a valid void-sentence claim. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010). To the extent that Brooks's motion could be construed as seeking to vacate or modify his convictions, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction. See *Frazier*, 302 Ga. App. at 348-349; see also *Roberts*, 286 Ga. at 532.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 07/19/2024

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*