A10A0232. FRAZIER v. THE STATE.
(691 SE2d 247)

ELLINGTON, Judge.

David E. Frazier appeals from the order of the Superior Court of DeKalb County denying his motion to vacate and to correct his sentence. Frazier contends his concurrent twenty-year prison terms for two counts of child molestation, which were imposed following a retrial, are illegal and void because they were the result of judicial vindictiveness. For reasons that follow, we lack jurisdiction to consider Frazier's arguments. We are compelled, therefore, to dismiss his appeal.

The record shows that on February 27, 1998, a DeKalb County jury found Frazier guilty of two counts of child molestation for acts committed against the three-year-old daughter of his ex-girlfriend.

[11] *Rice v. Champion Bldgs.*, 288 Ga. App. 597, 601 (2) (654 SE2d 390) (2007).
[12] *In the Interest of J. H.*, 244 Ga. App. 788, 791 (1) (536 SE2d 805) (2000).

See *Frazier v. State*, 241 Ga. App. 125 (524 SE2d 768) (1999). On April 22, 1998, the trial court sentenced Frazier to concurrent fifteen-year sentences. On November 8, 1999, this Court reversed the judgment of conviction, finding that the trial court improperly admitted certain evidence at trial. See id. at 127 (1).

After his appeal but prior to his retrial in DeKalb County, Frazier was tried and convicted of three counts of child molestation in Fulton County. See *Frazier v. State*, 261 Ga. App. 508 (583 SE2d 188) (2003) (Although the jury convicted Frazier on four courts of child molestation, the trial court found the evidence insufficient as to one count. Frazier's convictions as to the remaining three counts were affirmed.). On April 5, 2000, the Fulton County court sentenced Frazier to twenty-year terms of imprisonment as to each count, the sentences to run concurrently.

Upon retrial in DeKalb County, the State introduced the Fulton County convictions as similar transaction evidence and as evidence in aggravation at sentencing. The similar acts occurred five months after the instant offenses and involved the molestation of the seven-year-old daughter of the woman Frazier married following his separation from the mother of the victim in this case. On December 13, 2000, the DeKalb County jury found Frazier guilty of both counts of child molestation. The trial court followed the State's recommendation and sentenced Frazier to two twenty-year terms of imprisonment, with credit for time served, the sentences to run concurrently with each other but consecutively to the Fulton County sentences. In explanation of its sentence, the trial judge stated:

> Mr. Frazier, I am going to follow the State's recommendation. You stand before me convicted of four counts of child molestation in Fulton County, and that was not the case previously. Mr. Frazier, I believe that you are a predator. You prey on young girls, young children. In each of these cases, you aligned yourself with single mothers who had young girls who were approximately the same age. . . . [B]ecause of the evidence in aggravation and because of the seriousness of these charges, and the fact that I believe you are a sexual predator . . . , I'm going to follow the recommendation of the district attorney.

This Court affirmed those convictions. *Frazier v. State*, 252 Ga. App. 627 (557 SE2d 12) (2001). On September 22, 2008, Frazier, pro se, filed a "Motion to Vacate and Correct Illegal Sentence," which the court denied.

The General Assembly has established a specific time frame during which a trial court has jurisdiction to freely modify a criminal

sentence. Pursuant to OCGA § 17-10-1 (f), a court may correct or reduce a sentence during the year after its imposition, or within 120 days after remittitur following a direct appeal, whichever is later. Once this statutory period expires, a trial court may only modify a void sentence. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). "A sentence is void if the court imposes punishment that the law does not allow." (Citations and punctuation omitted.) Id. To support a motion for sentence modification filed outside the statutory time period, therefore, a defendant must affirmatively demonstrate that the sentence imposes punishment not allowed by law. Moreover, a direct appeal does not lie from the denial of such motion unless it raises a colorable claim that the sentence is, in fact, void. *Reynolds v. State*, 272 Ga. App. 91, 95 (3) (611 SE2d 750) (2005). Allegations that merely challenge the sentencing procedure or question the fairness of a sentence do not raise a colorable claim of voidness and cannot form the basis for a direct appeal. *Jones v. State*, 278 Ga. at 670-671.

In this case, it is patent from the record that the sentence imposed falls within the range allowed by law. See OCGA § 16-6-4 (b) (1).[1] Moreover, although Frazier argues that the increase in his sentence after retrial gives rise to a presumption of judicial vindictiveness,[2] it is clear from the record that any such presumption has been rebutted. As the Supreme Court of Georgia explained:

> There is no absolute constitutional bar to imposing a more severe sentence upon resentencing, but vindictiveness must not be the motivating force behind the increased sentence. *North Carolina v. Pearce*, 395 U. S. 711 (89 SC 2072, 23 LE2d 656) [(1969)]. *Pearce* set forth standards for determining the constitutionality of the imposition of a more severe penalty upon resentencing by the court after reconviction following a successful appeal. *Pearce* requires that the court must include in the record an affirmative statement of the reasons underlying the decision to increase the punishment upon resentencing. Those reasons should in fact support the imposition of the harsher penalty.

*Anthony v. Hopper*, 235 Ga. 336, 337-338 (1) (219 SE2d 413) (1975).

---

[1] OCGA § 16-6-4 (b) (1) provides that "[e]xcept as provided in paragraph (2) of this subsection, a person convicted of a first offense of child molestation shall be punished by imprisonment for not less than five nor more than 20 years[.]" Although Frazier previously had been convicted in Fulton County for other acts of child molestation, the court acknowledged that those convictions were not final as they were still pending on appeal. Consequently, the court did not sentence Frazier as a recidivist or impose a statutorily enhanced sentence.

[2] Frazier does not assert any claim or allege any facts supporting a claim of actual judicial vindictiveness.

In this case, the record affirmatively reveals the court's rationale for the increased sentence: Since Frazier's first trial, he had been convicted by a jury of additional acts of child molestation. "Consideration of a criminal conviction obtained in the interim between an original sentencing and a sentencing after retrial is manifestly legitimate. This amply rebuts any presumption of vindictiveness." *Wasman v. United States*, 468 U. S. 559, 569-570 (104 SC 3217, 82 LE2d 424) (1984).

Although Frazier contends in his reply brief that the court should not have considered the Fulton County convictions because they were not yet final, the cases Frazier relies on are inapposite. They apply when the court is imposing either recidivist punishment pursuant to OCGA § 17-10-7,[3] or imposing a statutorily enhanced sentence for a second or subsequent conviction pursuant to OCGA § 16-13-30 (d).[4] In the instant case, the court did not impose either recidivist or statutorily enhanced punishment. It imposed the maximum sentence allowed by law for a first offense after considering evidence of other criminal acts, which is permissible. See *Celestin v. State*, 296 Ga. App. 727, 736-737 (4) (675 SE2d 480) (2009) (The trial court considered, in aggravation of sentencing, evidence of prior convictions that had been reversed on appeal. Nevertheless, this presented no basis for reversal because those prior convictions were not used to impose recidivist or statutorily enhanced punishment and the defendant's sentence was within the maximum allowed by law.).

Given the record before us, Frazier has failed to set forth a colorable claim that his sentence is void. Accordingly, the trial court's denial of Frazier's motion is not subject to a direct appeal, and we must dismiss.

*Appeal dismissed. Andrews, P. J., and Doyle, J., concur.*

DECIDED FEBRUARY 12, 2010.

*Gerard Kleinrock*, for appellant.

---

[3] See, e.g., *Croker v. Smith*, 225 Ga. 529, 532 (4) (169 SE2d 787) (1969) ("A conviction which is on appeal is not a conviction within the meaning of [OCGA § 17-10-2]."); *Mitchell v. State*, 202 Ga. App. 100, 101 (2) (413 SE2d 517) (1991) (accord).

[4] See *Covington v. State*, 226 Ga. App. 484, 485 (3) (486 SE2d 706) (1997) ("When previous convictions are relied upon as the ground for imposing enhanced punishment [pursuant to OCGA § 16-13-30 (d)], the convictions must be final.") (citations omitted); *Dunn v. State*, 208 Ga. App. 197, 198 (430 SE2d 50) (1993) (accord).

*Gwendolyn Keyes Fleming, District Attorney, Deborah D. Wellborn, Assistant District Attorney*, for appellee.