# Court of Appeals
# of the State of Georgia

ATLANTA, <u>October 19, 2012</u>

*The Court of Appeals hereby passes the following order:*

**A13A0301.  MARION SMITH v. THE STATE.**

In August 2006, Marion Smith pled guilty to entering an automobile and other crimes.  In December 2011, Smith moved to modify his sentence.  On April 18, 2012, the trial court entered an order denying the motion on the ground that the time for sentence modification had passed, and on June 1, 2012, Smith filed a notice of appeal.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  See *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had here when Smith filed his motion, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). Smith does not contend that his sentence was void.  We thus lack authority to entertain the denial of his untimely motion to modify.  See *Frazier*, supra.

Moreover, this appeal is not timely.  OCGA § 5-6-38 (a) requires that a notice of appeal be filed within 30 days of entry of the order on appeal. The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court. *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721 (482 SE2d 704) (1997).  Smith filed his notice of appeal 44 days after the trial court entered its order.

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
　　　*Clerk's Office, Atlanta,* 10/19/2012
　　　*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
　　　*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*