# Court of Appeals
# of the State of Georgia

ATLANTA,    July 08, 2013

*The Court of Appeals hereby passes the following order:*

## A13D0420.  SABRINA D. STRATTON v. THE STATE.

Sabrina Stratton has filed an application for discretionary appeal from the trial court's order dismissing her request for a sentence modification.  According to her application, Stratton pled guilty in 2011 and was sentenced to ten years, with three years to serve and seven years on probation.  In April 2013, she asked the trial court to reduce her sentence to two years to serve and eight years on probation.  She asserts that this reduction is appropriate because (a) it would allow her to spread her restitution payments over an extra year, and (b) she has maintained good behavior while incarcerated.  The trial court dismissed Stratton's motion,[1] and she filed this application.  We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  See *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009).  Once this statutory period expires, as it had here when Stratton filed her motion, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  "A sentence is void if the court imposes punishment that the law does not allow."  (Punctuation omitted.)  Id.  Therefore, in order to support a motion for

---

[1] The trial court's order is dated May 28, 2012.  This appears to be a typo; Stratton asserts that she filed her motion on April 30, 2013, and that the court issued its order on May 28, 2013.  If the 2012 date is correct, then Stratton's application, filed on June 7, 2013, would be untimely.  See OCGA § 5-6-35 (d).

sentence modification filed outside the statutory time period of OCGA § 17-10-1 (f), a defendant must demonstrate that the sentence imposes punishment not allowed by law. *Frazier*, supra. Where the defendant fails to do so, we lack jurisdiction to review the trial court's denial of his motion. Id.

Here, Stratton does not argue that the sentence is greater than the statutory limit. Accordingly, she has not raised a valid void-sentence claim, and we lack jurisdiction to review the trial court's order. See *Frazier*, supra. This application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 07/08/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 *, Clerk.*