# Court of Appeals
# of the State of Georgia

ATLANTA,___May 05, 2014_____

*The Court of Appeals hereby passes the following order:*

**A14D0331. RONALD ELLIS v. THE STATE.**

Ronald Ellis has filed an application for discretionary appeal from the trial court's order denying his request for a sentence modification. The application shows that on September 2, 2003, following a jury trial, Ellis was sentenced to life imprisonment without parole for kidnaping with bodily injury, twenty years with fifteen to serve for aggravated battery and twenty years to serve for aggravated assault. On March 12, 2014, Ellis filed a "Motion For Reconsideration," asking the trial court to reduce his sentence in light of the 2013 amendment to OCA § 17-10-6.1, which added subsection (e) permitting trial judges the discretion to depart from imposing the mandatory minimum sentence. The trial court denied Ellis's motion, and he filed this application for discretionary appeal. We, however, lack jurisdiction.

Under OCA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had here when Ellis filed his motion, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). "A sentence is void if the court imposes punishment that the law does not allow." (Punctuation omitted.) Id. Therefore, in order to support a motion for sentence modification filed outside the statutory time period of OCA § 17-10-1 (f), a defendant must demonstrate that the sentence imposes punishment not allowed by law. *Frazier*, supra. Where the defendant fails to do so, we lack jurisdiction to review the trial court's denial of his motion. Id.

Here, Ellis does not argue that his sentence is greater than the statutory limit. In fact, as the trial court pointed out, "Defendant himself has stated that he cannot point to any law that renders his sentence illegal." Accordingly, Ellis has not raised a valid void-sentence claim, and we lack jurisdiction to review the trial court's order. See *Frazier*, supra. This application is hereby DISMISSED. Additionally, we dismiss Ellis' "Motion for an Extension of time to file copy of Instanter" as moot.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 05/05/2014
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


_____, *Clerk.*