# Court of Appeals
# of the State of Georgia

ATLANTA,    July 23, 2014

*The Court of Appeals hereby passes the following order:*

**A14A1748.  STEVEN JACOB SEIBERT v. THE STATE.**

In 2007, Steven Jacob Seibert was convicted of abandoning a dependent child and several counts of aggravated stalking.  We affirmed his convictions on appeal.  See *Seibert v. State*, 294 Ga. App. 202 (670 SE2d 109) (2008).  In February 2014, Seibert filed a motion to vacate and amend his sentence.  The trial court denied his motion, and Seibert filed this appeal.  We, however, lack jurisdiction.

A sentencing court may modify a sentence within 1 year of its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  See OCGA § 17-10-1 (f); *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010).  Once this statutory period expires, as it has here, a sentencing court may modify a sentence only if it is void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  And a sentence is void only if it imposes punishment that the law does not allow.  *Von Thomas v. State*, 293 Ga. 569, 571 (748 SE2d 446) (2013).

In his motion, Seibert argued that his multiple stalking convictions violate principles of double jeopardy and that his prohibition on contact with children is unfair.  These are challenges to his convictions and to the fairness of his sentence, not assertions that his sentence exceeds the statutory maximum.  Seibert has, therefore, failed to raise a valid void-sentence claim.  See *Jones*, supra; *Von Thomas*, supra.

Because Seibert did not raise a colorable argument that his sentence is void, the trial court's denial of his motion is not subject to direct appeal.  See *Frazier*, 302 Ga. App. at 349.  Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* 07/23/2014
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *Stephen E. Castlen* _____ , *Clerk.*