# Court of Appeals
# of the State of Georgia

ATLANTA,    April 13, 2015

*The Court of Appeals hereby passes the following order:*

**A15A1339.  JIM PHILLIP HOLLIE v. THE STATE.**

In 2007, Jim Phillip Hollie was convicted of several offenses, including aggravated child molestation.  He was sentenced to a total of 30 years, with 15 years to serve.  Hollie's convictions and sentences were affirmed on appeal.  See *Hollie v. State*, 298 Ga. App. 1 (679 SE2d 47) (2009).  In 2013, Hollie filed a Motion to Correct and Merge Sentence, arguing that his sentence on count 3 should be concurrent with, rather than consecutive to, his sentence for count 1.  The trial court denied his motion, and we dismissed Hollie's appeal.  See *Hollie v. The State*, Case No. A14A0973 (decided on March 31, 2014).  Subsequently, in December 2014, Hollie filed a Motion to Correct an Illegal and/or Void Sentence, arguing that the trial court should have exercised its discretion to deviate downward from the statutory minimum sentence.  The trial court rejected Hollie's argument, and he then filed this appeal.  We, however, lack jurisdiction.

As we stated in our order of March 31, 2014, dismissing Hollie's previous appeal, a trial court has limited authority to modify a sentence after it is imposed.  Pursuant to OCGA § 17-10-1 (f), a sentencing court may modify a sentence within 1 year of its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  See *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010).  Once this statutory period expires, as it has here, a sentencing court may modify a sentence only if it is void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  And a sentence is void only if it imposes punishment that the law does not allow.  *Von Thomas v. State*, 293 Ga. 569, 571 (748 SE2d 446) (2013).

In this case, Hollie does not contend that his sentence exceeds the statutory

maximum. He has, therefore, failed to raise a valid void- sentence claim. See *Jones*, supra; *Von Thomas*, supra.

Because Hollie did not raise a colorable argument that his sentence is void, the trial court's denial of his motion is not subject to direct appeal. See *Frazier*, supra at 349. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____04/13/2015_____
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*