# Court of Appeals
# of the State of Georgia

ATLANTA,   September 29, 2015

*The Court of Appeals hereby passes the following order:*

**A15A2215.  TONY E. FLOYD v. THE STATE.**

In 2002, Tony E. Floyd was convicted of armed robbery and sentenced as a recidivist to life imprisonment. We affirmed his conviction in an unpublished opinion. See Case No. A09A1841 (decided January 28, 2010). In 2015, Floyd filed a motion to void his illegal sentence.  The trial court denied the motion, and we dismissed Floyd's appeal because he had not raised a colorable void-sentence argument.  See Case No. A15A1539 (dismissed May 4, 2015).  Floyd then filed a second motion to void his illegal sentence, which the trial court denied.  Floyd now appeals.

As we advised Floyd in his previous appeal, a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See OCGA § 17-10-1 (f); *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010). Once this statutory period expires, as it has here, a trial court may modify a sentence only if it is void. See id. A sentence is void only if it imposes punishment that the law does not allow. *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

In his void-sentence motion, Floyd alleged that his sentence is void because his written judgment of conviction does not include a citation to any habitual offender provision. Because Floyd did not contend that his sentence was longer than the law allows, he did not raise a colorable void-sentence argument.  Accordingly, his appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,*___09/29/2015___
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ , *Clerk.*