# Court of Appeals
# of the State of Georgia

ATLANTA,___November 23, 2016___

*The Court of Appeals hereby passes the following order:*

**A17A0443.  ERIC JERRELL JACKSON v. THE STATE.**

In 2013, Eric Jackson pled guilty to armed robbery (Count 1) and attempted armed robbery (Count 2).  For Count 1, the trial court imposed a 20-year sentence, with the first 15 years to be served in prison, and the balance to be served on probation.  For Count 2, the court imposed a sentence of 5 years' probation, to be served consecutively to the sentence for Count 1.  Consequently, the total sentence consisted of 15 years in prison, to be followed by 10 years of probation, for a total of 25 years.

In 2016, Jackson filed a motion to correct an illegal and/or void sentence, arguing that his 25-year total sentence exceeded the statutory maximum sentence for armed robbery.  The trial court denied Jackson's motion, and he filed this direct appeal.  We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010).  Once this statutory period expires, a trial court may modify only a void sentence.  Id.  A sentence is void if the court imposes punishment that the law does not allow.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  When a sentence falls within the statutory range of punishment, it is not void and is not subject to post-appeal modification beyond that provided in § 17-10-1 (f).  Id.  A direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period

unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Jackson's void-sentence claim is affirmatively refuted by the record. Contrary to his assertion, the trial court did not impose a 25-year sentence for his armed robbery conviction. Rather, the court imposed a 20-year sentence for his armed robbery conviction and a 5-year sentence for his attempted armed robbery conviction, each of which is within the statutory range of punishment. See OCGA §§ 16-4-6 (a) ("A person convicted of the offense of criminal attempt to commit a crime punishable by death or by life imprisonment shall be punished by imprisonment for not less than one year nor more than 30 years."); 16-8-41 (b) ("A person convicted of the offense of armed robbery shall be punished by death or imprisonment for life or by imprisonment for not less than ten nor more than 20 years.").

Because Jackson has not raised a colorable void-sentence claim, we lack jurisdiction to consider his appeal, which is hereby DISMISSED. See *Frazier*, 302 Ga. App. at 348-349.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* _____11/23/2016_____
     *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ *, Clerk.*