# Court of Appeals
# of the State of Georgia

ATLANTA,  September 20, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0232. WILLIAM ROBINSON v. THE STATE.**

In March 2002, William Robinson was convicted of fifteen counts of violating the Georgia Controlled Substances Act, and the trial court sentenced Robinson, as a recidivist, to life in prison without the possibility of parole. In 2003, this Court affirmed Robinson's conviction on direct appeal. See *Robinson v. State*, 259 Ga. App. 595 (578 SE2d 235) (2003). In July 2016, Robinson filed a "Motion to Correct Void Sentence," in which he claimed without elaboration that his sentence "may be illegal." The trial court dismissed Robinson's motion, and he filed this direct appeal.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in OCGA § 17-10-1 (f). See id. Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

In his motion, Robinson merely asserted that his sentence "may be illegal." Robinson did not argue his sentence was outside the statutory range and, thus, he has not raised a colorable claim that his sentence falls outside of the statutory range of punishment. Consequently, the trial court's denial of his motion is not subject to

direct appeal. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,* __09/20/2017__
     *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*