# Court of Appeals
# of the State of Georgia

ATLANTA,  January 04, 2018

*The Court of Appeals hereby passes the following order:*

**A18A0837.  LABARRION HARRIS v. THE STATE.**

In 2011, LaBarrion Harris pleaded guilty to armed robbery, aggravated assault, aggravated battery, and possession of a firearm during the commission of a felony. He was sentenced to a total term of imprisonment of 35 years, with the first 20 years to serve in prison and the remainder on probation. Harris did not file a direct appeal.

In March 2017, Harris filed a motion to vacate void sentence, arguing, in pertinent part, that the codification of Georgia laws pursuant to a 1978 contract entered into by the Code Revision Commission (the "Commission") with a private company constituted an unconstitutional delegation of the General Assembly's legislative power to draft statutes regulating crimes. The trial court summarily denied Harris relief. Harris then filed this direct appeal in the Georgia Supreme Court, which transferred the case here. See Case No. S18A0247 (decided October 16, 2017). We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). See id.

Here, Harris has failed to show that he received a sentence in excess of the statutory range of punishment for his convictions. As noted by our Supreme Court,

the primary purpose of the Commission is "[t]o select and contract with a publisher to conduct a revision, codification, or recodification of the [Georgia] Code and laws of Georgia . . . and to fulfill certain duties in connection with and in furtherance of that task." *Georgiacarry.org, Inc. v. Allen*, 299 Ga. 716, 719 (791 SE2d 800) (2016); see also *Harrison Co. v. Code Revision Comm.*, 244 Ga. 325 (260 SE2d 30) (1979). As such, "[t]he Commission has no stated purpose relating to changing the substantive content of any laws passed by the General Assembly, let alone specific laws relating to" crimes or sentencing provisions. *Georgiacarry.org*, 299 Ga. at 719.

Because Harris has not raised a colorable claim that his sentence is void, the trial court's denial of his motion is not subject to direct appeal. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  01/04/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*