# Court of Appeals
# of the State of Georgia

ATLANTA, January 12, 2018

*The Court of Appeals hereby passes the following order:*

**A18A0896. JOCKAS GILCHRIST v. THE STATE.**

In July 2015, Jockas Gilchrist pled guilty to four counts of aggravated assault, three counts of armed robbery, and one count each of attempted armed robbery and possession of a firearm during the commission of a crime. The trial court imposed a 25-year total sentence, with the first 10 years to be served in prison, and the remainder to be served on probation. The record contains no indication that Gilchrist filed a direct appeal from his judgment of conviction.

In April 2017, Gilchrist filed a motion to modify his sentence, claiming that several mitigating circumstances, including his age and his institutional record, warrant a modification. The trial court denied Gilchrist's motion, and he filed this direct appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). See id. Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Gilchrist has not raised a valid void-sentence claim, as none of the allegations in his motion call into question whether his sentences fall within the statutory ranges of punishment. Consequently, this appeal is hereby DISMISSED for lack of jurisdiction. See *Frazier*, 302 Ga. App. at 348-349.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__01/12/2018_____*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*