# Court of Appeals
# of the State of Georgia

ATLANTA, September 06, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0091. ANDREAZ JAMAL WRIGHT v. THE STATE.**

Andreaz Wright entered a plea of guilty to multiple offenses, including armed robbery, in February 2008, and he was sentenced to twenty years, to serve two in prison and the remainder on probation. In 2017, he filed a "Motion to Correct Sentence," requesting that his sentence be modified to allow him to be released on parole or made eligible for work release or other community based programs. The trial court construed the motion as a motion to modify the sentence and dismissed the motion on the ground that it lacked jurisdiction to modify the sentence. Wright filed this direct appeal.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). See id. A direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Here, Wright has not raised a claim that his sentence is void. Rather, Wright merely requests the modification of his sentence. Accordingly, Wright is not entitled to a direct appeal, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__09/06/2018_____*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ *, Clerk.*