# Court of Appeals
# of the State of Georgia

ATLANTA,  February 21, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1360.  CHARLES WILLIAMS v. THE STATE.**

In 2015, Charles Williams pleaded guilty to burglary and was sentenced as a recidivist to 15 years. In 2017, Williams filed a motion to vacate a void sentence, arguing that the State failed to provide proper notice of the prior felony offenses used to enhance his sentence. The trial court denied the motion, and Williams filed both an application for discretionary appeal and a direct appeal. We dismissed both matters because Williams had not raised a colorable claim that his sentence was void. See Case A17D0535 (dismissed July 19, 2017) and Case No. A17A2053 (dismissed July 25, 2017).

In 2018, Williams filed a second motion to vacate a void sentence. The trial court denied the motion, and Williams again appeals. We, however, lack jurisdiction.

As explained in our order dismissing Williams's prior appeal, a trial court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See OCGA § 17-10-1 (f); *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010).  Once this statutory period expires, as it had here, a trial court may modify only a void sentence. *Frazier*, 302 Ga. App. at 348. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). See id. Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

In his second motion to vacate a void sentence, Williams did not argue that his sentenced exceeded the statutory range of punishment. Rather, he complained that the State failed to indict him as a recidivist and the trial court expressed no intention to sentence him as such. Neither of these arguments constitutes a colorable void-sentence claim. See *Jones*, 278 Ga. at 670 ("[a]ssertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void"); *Jones v. State*, 290 Ga. App. 490, 493 (1) (659 SE2d 875) (2008) (challenge to indictment does not raise a valid void-sentence claim).

In the absence of a colorable void-sentence claim, this appeal is hereby DISMISSED. See *Jones*, 278 Ga. at 671; *Frazier*, 302 Ga. App. at 348-349.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 02/21/2019
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



, *Clerk.*