# Court of Appeals
# of the State of Georgia

ATLANTA,  April 09, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1455.  MICHAEL WESTMORELAND v. THE STATE.**

In 2002, Michael Westmoreland pleaded guilty to multiple offenses, including two counts of aggravated sexual battery, for which he was sentenced to 20 years to serve in confinement, and one count of aggravated sodomy, for which he was sentenced to 30 years in confinement.  It does not appear that Westmoreland filed a direct appeal.  In August 2018, Westmoreland filed a pro se motion to correct a void sentence, which the trial court denied.  Westmoreland then filed this direct appeal.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010).  Once this statutory period expires, a trial court may modify only a void sentence.  Id.  A sentence is void if the court imposes punishment that the law does not allow.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f).  See id.  Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void.  *Frazier*, 302 Ga. App. at 348.

In his motion to correct a void sentence, Westmoreland argues that the trial court could only sentence him to the "mandatory minimum term of imprisonment of ten years" for aggravated sexual battery and aggravated sodomy pursuant to OCGA § 17-10-6.1 (b) (2002).  Westmoreland, however, misreads the statute, which allows for sentences higher than the mandatory minimum of ten years under the appropriate

circumstances.  Because Westmoreland's sentences is within the prescribed statutory limits, it is not void. OCGA § 16-6-22.2 (c) (2002) (aggravated sexual battery - not less than ten years no more than 20); OCGA § 16-6-2 (b) (2002) (aggravated sodomy - not less than ten years no more than 30)  Consequently, the trial court's denial of his motion is not subject to direct appeal.  Thus, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 04/09/2019
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*, Clerk.*