# Court of Appeals
# of the State of Georgia

ATLANTA,  December 27, 2019

*The Court of Appeals hereby passes the following order:*

## A20A0619. MICHAEL JASON MCHAN v. THE STATE.

In December 2015, Michael Jason McHan pleaded guilty to three counts of child molestation. After he was sentenced, McHan filed a motion to correct a void sentence in which he argued that the trial court was required to impose a split sentence for his convictions under OCGA § 17-10-6.2 (b). The trial court agreed and in January 2017 resentenced McHan to 20 years, to serve 19, on Count 1, 20 years on probation on Count 3, to run concurrently to Count 1, and 20 years on probation on Count 4, to run consecutively to Counts 1 and 3. McHan then filed another motion to vacate void sentence, this time arguing that the sentence was void because the trial court sentenced him to a term of imprisonment above the five-year mandatory minimum set by OCGA § 17-10-6.2 (b). The trial court denied the motion and McHan filed a direct appeal. This Court dismissed the appeal concluding that because McHan's sentence fell within the statutory range of punishment, he did not raise a colorable argument that his sentence is void. See Case No. A18A0022 (decided September 19, 2017).

In April 2019, McHan filed a "Motion to Amend Previous Claims" in which he again asserted that the trial court failed to impose a split sentence under OCGA § 17-10-6.2 (b). The trial court denied the motion, and McHan filed a timely notice of appeal. We, however, lack jurisdiction.

McHan's present appeal is another void sentence claim that is identical to the claim McHan raised prior to his resentencing in 2017. And as we noted in his prior appeal, McHan's 20-year sentence falls within the statutory range of punishment. See OCGA § 16-6-4 (b) (1) (sentence for child molestation for a first-time offender is "not

less than five nor more than 20 years"). The sentence is also in compliance with OCGA § 17-10-6.2 (b) (requiring a split sentence for persons convicted of a sexual offense that includes a probated sentence of at least one year).

Accordingly, McHan has not raised a colorable argument that his sentence is void, and the trial court's denial of his motion is not subject to direct appeal. See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). This appeal is therefore DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, December 27, 2019*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*