# Court of Appeals
# of the State of Georgia

ATLANTA,  June 23, 2020

*The Court of Appeals hereby passes the following order:*

## A20A1913. AMADO BRITO v. THE STATE.

In 2014, Amado Brito pleaded guilty to one count of trafficking methamphetamine or amphetamine (Count 1) and one count of possession of a firearm during the commission of a felony (Count 2). He was sentenced to fifteen years to serve for Count 1 and five years' probation for Count 2, to run consecutively. In April 2020, he filed his "Motion Emergency to Modify Sentence Due to COVID 19 Danger," which the trial court denied. Brito appeals, but we lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, as is the case here, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence is within the statutory range of punishment, it is not void. Id. at 670.

In his motion, Brito argues that the COVID-19 pandemic places prison inmates like himself in imminent danger, and he requests that his sentence be modified so that he is "immediately released on probation, house arrest." But he does not argue that

his punishment is greater than the law allows. For this reason, this appeal is hereby DISMISSED for lack of jurisdiction. See *Frazier*, 302 Ga. App. at 348-349.



*Court of Appeals of the State of Georgia*
            *Clerk's Office,*
*Atlanta,   06/23/2020*
            *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
            *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*