# Court of Appeals
# of the State of Georgia

ATLANTA, March 10, 2021

*The Court of Appeals hereby passes the following order:*

**A21A1093. JASON TODD SMITH v. THE STATE.**

In 1998, Jason Todd Smith pled guilty to statutory rape, and he was sentenced to five years probation as a first offender. In 2020, Smith filed a motion to vacate a void sentence. The trial court dismissed the motion, and Smith filed this appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). See id. Moreover, a direct appeal does not lie from the trial court's ruling on a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

In his motion to vacate his sentence, Smith argued that the trial court's failure to sentence him to a split sentence rendered the sentence void and that he was thus entitled to withdraw his guilty plea. Although the legislature amended OCGA § 17-10-6.2 (b) in 2017 to require the imposition of a split sentence for certain sexual offenses, there was no such requirement in effect at the time Smith was sentenced. The trial court was thus not required to impose a split sentence. See *Martinez-Chavez v. State*, 352 Ga. App. 142, 143 (1) (834 SE2d 139) (2019) (court is required to

sentence a defendant pursuant to the statute in effect at the time the crime was committed). Accordingly, Smith has not raised a colorable void sentence claim, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,   03/10/2021*
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*