# Court of Appeals
# of the State of Georgia

ATLANTA,  February 03, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0897. MICHAEL C. WILKIN v. THE STATE.**

In 2017, Michael C. Wilkin pleaded guilty to four counts of aggravated assault and was sentenced to ten years to serve one. In 2021, Wilkin filed a petition seeking to be retroactively sentenced as a first offender, which the trial court denied. Wilkin filed this direct appeal, however, we lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, as here, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void. See id. Moreover, an appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348. Wilkin argues that he should have been sentenced as a first offender, but he does not contend that his sentence exceeded the statutory maximum. See OCGA § 16-5-21 (b) (providing that aggravated assault is punishable by imprisonment for one to twenty years). Thus, Wilkin has not set forth

a colorable void-sentence claim. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,  02/03/2022*

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*