# Court of Appeals
# of the State of Georgia

ATLANTA,  November 30, 2022

*The Court of Appeals hereby passes the following order:*

## A23A0501. ALBERT MARIO RUSSAW v. THE STATE.

In June 2018, Albert Mario Russaw was convicted of one count of trafficking a controlled substance and one count of possession of a controlled substance with intent to distribute, which was merged with the trafficking count. This Court affirmed Russaw's conviction on direct appeal, in an unpublished opinion. Case No. A19A1701 (Dec. 19, 2019).  In November 2020, Russaw filed a motion to correct a void sentence, which the trial court denied. This Court dismissed Russaw's direct appeal from that order as untimely. Case No. A21A0975 (March 15, 2021).  In June 2022, Russaw filed another motion to vacate his allegedly void sentence, and the trial court denied the same. Russaw then filed this direct appeal. As explained below, and pretermitting whether Russaw's current challenge to his sentence is barred by the law of the case, it must be dismissed for failure to state a colorable void-sentence claim.

Under OCGA § 17-10-1 (f), a court may modify a sentence only during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, this statutory period expires, as it has here, a trial court may modify a sentence only if that sentence is void — i.e, only if it imposes a punishment that the law does not allow. Id. See also *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) ("[w]hen the sentence imposed falls within the statutory range of punishment, the sentence is not void and is not subject to post-appeal modification"). And a direct appeal may lie from an order denying a motion to amend or modify a sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. *Jones*, 278 Ga. at 669. See also *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).

Here, the record before us shows that Russaw cannot set forth a colorable claim that his sentence is void. Accordingly, the trial court's order denying his motion to vacate his sentence is not subject to direct appeal, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   11/30/2022          *

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*