# Court of Appeals
# of the State of Georgia

ATLANTA,  August 28, 2024

*The Court of Appeals hereby passes the following order:*

**A25A0204. CALE RAGLAND v. THE STATE.**

In 2007, Cale Ragland pled guilty to aggravated child molestation and was sentenced to 25 years in prison, followed by probation for life. In 2024, Ragland filed a motion to vacate his sentence, arguing that his sentence for aggravated child molestation was void because it did not impose a split sentence. The trial court denied the motion and Ragland filed this direct appeal.

Under OCGA § 17-10-1 (f), a court may modify a sentence only during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, as it has here, a trial court may modify a sentence only if that sentence is void — i.e., only if it imposes a punishment that the law does not allow. Id. See also *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) ("When the sentence imposed falls within the statutory range of punishment, the sentence is not void and is not subject to post-appeal modification..."). Thus, a defendant may not appeal an order denying a motion to modify his sentence unless he can raise a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Ragland has not raised a colorable void sentence claim because his sentence for aggravated child molestation is authorized by statute. See OCGA § 16-6-4 (d) (1).

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,  08/28/2024  *

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*