# Court of Appeals
# of the State of Georgia

ATLANTA,  August 29, 2024

*The Court of Appeals hereby passes the following order:*

## A25A0015.  ANDREW B. TORRES v. THE STATE.

Following a 2017 jury trial, Andrew Torres was convicted of four counts of incest, two counts of aggravated child molestation, and a single count each of rape and aggravated sexual battery. He was sentenced to a total of 160 years' imprisonment for incest, and consecutive life sentences for the remaining counts. On appeal, this Court affirmed Torres's convictions, but vacated his sentences for incest as void because they did not include a split sentence as required by OCGA § 17-10-6.2 (b). See *Torres v. State*, 353 Ga. App. 470 (838 S.E.2d 137) (2020). Following remand and resentencing as to the incest counts, Torres appealed from the new sentencing order, which this Court affirmed. See *Torres v. State*, 358 Ga. App. 179 (854 S.E.2d 365) (2021). In 2024, Torres filed a motion to set aside a void sentence, arguing that his life sentences for rape, aggravated child molestation, and aggravated sexual battery were void because they did not impose split sentences. The trial court denied the motion, and Torres filed this direct appeal.

Under OCGA § 17-10-1 (f), a court may modify a sentence only during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, as it has here, a trial court may modify a sentence only if that sentence is void — i.e., only if it imposes a punishment that the law does not allow. Id. See also *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) ("When the sentence imposed falls within the statutory range of punishment, the sentence is not void and is not subject to post-appeal modification..."). Thus, a defendant may

not appeal an order denying a motion to amend or modify his sentence unless he can raise a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348. Torres has not raised a colorable void sentence claim because his life sentences for rape, aggravated child molestation, and aggravated sexual battery are authorized, and those convictions do not require split sentences. See OCGA § 17-10-6.2 (a), (b); see also OCGA § 16-6-1 (b) (rape); OCGA 16-6-4 (d) (1) (aggravated child molestation); and OCGA § 16-6-22.2 (c) (aggravated sexual battery).

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,__08/29/2024_____*

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*