# Court of Appeals
# of the State of Georgia

ATLANTA, _July 22, 2025_

*The Court of Appeals hereby passes the following order:*

## A25A0859. DEMARI MUSSINGTON v. THE STATE.

Following a jury trial, Demari Mussington was convicted of aggravated child molestation and was sentenced to life imprisonment with the first 25 years to be served in confinement and the remainder to be served on probation. This Court affirmed Mussington's conviction, but vacated his sentence as no portion of a life sentence may be probated. See Case No. A19A2260 (Feb. 27, 2020). We specifically noted that the trial court may have intended to comply with the statutory sentencing scheme by imposing a term of imprisonment of not less than 25 years and not exceeding life imprisonment followed by probation for life, but the sentencing language did not reflect such a sentence. See id. at 6-7. In August 2021, the trial court imposed a sentence of 25 years to be served in confinement followed by probation for life. In May 2024, Mussington filed a motion to vacate a void sentence, which the trial court denied. He timely filed this direct appeal to challenge the trial court's order. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence only during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.[1] *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, as it had here, a trial court may modify a sentence only if that sentence is void — i.e., only if it imposes a punishment that the law does

---

[1] While Mussington's counsel filed a timely motion to modify sentence in August 2022, this motion was withdrawn in October 2022.

not allow. Id. See also *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) ("When the sentence imposed falls within the statutory range of punishment, the sentence is not void and is not subject to post-appeal modification . . ."). Thus, a defendant may not appeal an order denying a motion to modify his sentence filed beyond the statutory period unless he can raise a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348. Mussington has not raised a colorable void sentence claim because his sentence for aggravated child molestation is authorized by statute. See OCGA § 16-6-4 (d) (1).

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*__07/22/2025_____

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*