**FIRST DIVISION**
**BROWN, C. J.,**
**BARNES, P. J., and WATKINS, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.gov/rules**

**June 16, 2026**

# In the Court of Appeals of Georgia

A25A0859. MUSSINGTON v. THE STATE.

BARNES, Presiding Judge.

Following a jury trial, Demari Mussington was convicted of aggravated child molestation and child molestation and sentenced to life imprisonment with the first 25 years to be served in confinement and the remainder to be served on probation. In an unpublished opinion, this Court affirmed Mussington's conviction, but vacated his sentence as no portion of a life sentence may be probated. *Mussington v. State*, Case No. A19A2260 (decided February 27, 2020). See OCGA § 17-10-1. We, however, acknowledged that the trial court may have intended to comply with the statutory sentencing scheme by imposing a term of imprisonment of not less than 25 years and

not exceeding life imprisonment followed by probation for life, but the sentencing language did not reflect such a sentence. See id. at 6-7.

In August 2021, following a resentencing hearing, the trial court imposed a sentence of 25 years to be served in confinement followed by probation for life. The child molestation conviction was merged with the aggravated child molestation conviction, and the sentence also included general and special conditions of probation. Mussington did not appeal the order; however, in May 2024, Mussington filed a pro se motion to vacate void sentence in which he maintained that the new sentence was not a split sentence as required by OCGA § 17-10-6.2. The trial court denied the motion, concluding that "a motion to vacate a judgment of conviction as void is not an appropriate remedy in a criminal case." Mussington now appeals. Upon our review, we remand the case for resentencing in accordance with this opinion.

Under OCGA § 17-10-1 (f), a court may modify a sentence only during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, as it had here, a trial court may modify a sentence only if that sentence is void — i.e., only if it imposes a punishment that the law does

not allow. Id. See also *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) ("When the sentence imposed falls within the statutory range of punishment, the sentence is not void and is not subject to post-appeal modification . . ."). Thus, a defendant may not appeal an order denying a motion to modify his sentence filed beyond the statutory period unless he can raise a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

On appeal, Mussington contends that the special conditions of probation – 1, 5, 6, 7, 8, 9, and 19 – are overbroad and not reasonably related to Mussington's probation. Initially, as to this Court's jurisdiction, we note that "[Mussington] did not raise the void sentence argument in his prior motions before the trial court. And while he may have been able to bring the claim at that time, the nature of a void sentence is that it is not authorized by the law." *Harris v. State*, 365 Ga. App. 218, 219 (1) (878 SE2d 63) (2022). And as such, as noted earlier, "in cases where the trial court has lost jurisdiction to vacate or modify a sentence, a direct appeal from the denial of a motion to vacate a void sentence is authorized ... when the defendant has raised a colorable claim that his sentence is, in fact, void." *Bryant v. State*, 363 Ga. App. 349, 351 (1) (870 SE2d 33) (2022).

As it relates to Mussington's challenge of the certain conditions of probation,

[a] trial court has broad discretion in sentencing to impose conditions reasonably related to the nature and circumstances of the offense and rehabilitative goals of probation. But such conditions must be stated with reasonable specificity to afford the probationer notice of the groups and places he must avoid. And the conditions must not be so broadly worded as to encompass groups and places not rationally related to the purpose of the sentencing objective.

*Bryant*, 363 Ga. App. at 352 (2)(citation and punctuation omitted).

Mussington asserts as void the following special conditions of probation.

[Condition 1:] Contact with Minors/Incidental contact with Minors. You shall have no contact, whether directly in person or indirectly through any means of communication or through employment, volunteer activity or otherwise with any child under the age of eighteen (18), including your own children, nor with any unable to consent because of mental or emotional limitations. Neither shall you attempt contact with the aforementioned except under circumstamces approved in advance and in writing by the Court. If you have incidental contact with children, you will be civil and courteous to the child and immediately remove yourself from the situation. You will discuss the contact at your next meeting with your Community Supervision Officer.

[Condition 5.] Employment. Your employment must be approved by your supervising Community Supervision Officer.

4

[Condition 6.] Images of Minors. Except as authorized by the court or or the Community Supervision Officer, you shall not create, possess, access or control any type of photograph, video, rendering, or digital imagery of any minor.

[Condition 7.] Relationships. You shall not date or marry anyone who has children under the age of eighteen (18), unless approved in advance and in writing by the Community Supervision Officer in consultation with the treatment provider or the sentencing court. You are required to notify such person of your history.

[Condition 8.] Sexually oriented material. You shall not possess or subscribe to any sexually oriented or sexually stimulating material to include, mail, computer or television, nor patronize any place where such material or entertainment is available.

[Condition 9.] 900 Numbers and Post Office Boxes. You shall not utilize "900" telephone numbers neither shall you rent a post office box without prior written approval from your Community Supervision Officer.

[Condition 19.] Driving. You will never drive alone, especially through parks, playgrounds, school zones, or other areas where children are commonly known to be.

The State concedes that special conditions 1, 6, 7, 8, 9, and 19 are void as overbroad, but argues that Condition 5, having the Community Supervision Officer approve Mussington's employment, is reasonable and rationally related to the crime Mussington was convicted of, aggravated child molestation. Mussington asserts that Condition 5 is also void in that it empowers the Community Supervision Officer to make arbitrary employment decisions not reasonably related to Mussington's rehabilitation.

Here, special conditions 1, 6, 7, 8, 9 and 19 all suffer the same fatal flaw in that each is overly broad. The prohibition in Condition 1 against contact with minors lacks specificity as to places Mussington is required to avoid "given that it could prohibit him from being in almost any public space." *Vangelder v. State*, 375 Ga. App. 611, 613(1) (917 SE2d 182) (2025) (punctuation omitted). "The condition could be applied to prohibit [Mussington] from shopping at virtually any store, visiting any restaurant, or literally going to any other location in which [Mussington] would come into contact with the general public." *Bryant*, 363 Ga. App. at 353 (2)(citation and punctuation omitted). See also *Padilla-Garcia v. State*, 372 Ga. App. 9, 12(1)(a) (903 SE2d 680) (2024). Thus, the condition is void, and must be vacated.

In *Bryan v. State*, 371 Ga. App. 769 (903 SE2d 160) (2024), this Court likewise found void virtually identical special probationary conditions relating to images of minors, relationships, sexually oriented or stimulating materials, and 900 numbers. Id. at 779-80(5). We found the conditions void in that the "conditions [were not] stated with reasonable specificity to afford the probationer notice of the groups and places he must avoid. And the conditions [were] so broadly worded as to encompass groups and places not rationally related to the purpose of the sentencing objective." Id.

Here Conditions 6, 7, 8, 9, and 19 provide for the identical restrictions we found void in *Bryan*, and thus, as argued by Mussington and conceded to by the State, we vacate those conditions, along with Condition 1. However, we affirm the provision of Condition 9 prohibiting Mussington from renting a post office box without prior written permission from his Community Supervision Officer and find the condition not overly broad and reasonably related to Mussington's rehabilitation goals. See *Bryan* 371 Ga. App. at 781-82 (5).

We disagree with Mussington's assertion that Condition 5 is void in that it lacks specificity as to the types of places that Mussington can seek employment and empowers the Community Supervision Officer to make employment decisions not

7

reasonably related to Mussington's rehabilitation. The condition on its face merely provides that places of employment must be approved by the Community Supervision Officer. Unlike the vacated conditions, Condition 5, as written, is not vague or overbroad in that it is susceptible of being read and applied in ways which are not reasonably related to the sentencing objectives. Rather, seeking prior approval of a place of employment is a reasonable condition related to restricting Mussington from being present at certain locations where children were present and from associating with groups dealing with children. See generally *Ellis v. State*, 221 Ga. App. 103, 104 (1) (470 SE2d 495)(1996). See also *Rutledge v. State*, 360 Ga. App. 824, 829-30 (1) (b) (861 SE2d 793) (2021) (affirming a special condition of probation that required Rutledge to "obtain permission from his probation officer to use a particular electronic bulletin board system, Internet service provider, or computer network.")

Accordingly, we find void and vacate Conditions 1, 6, 7, 8, and 19. We affirm only the provision in Condition 9 requiring approval of the Community Supervision Officer before obtaining a post office box, and we affirm Condition 5.

Thus, this case is remanded for resentencing in accordance with this Court's holding.

*Judgment affirmed in part, reversed in part, and case remanded for resentencing.*

*Brown, C. J., and Watkins, J., concur.*