## A10A1670. BONNER v. THE STATE.
(709 SE2d 358)

MIKELL, Judge.

After a jury trial, Brandon Bonner was convicted of three counts of simple battery, false imprisonment, and robbery. Bonner was sentenced to an aggregate of ten years to serve and five years on probation. On appeal, Bonner argues that his trial counsel was ineffective and that the trial court should have merged the simple battery and false imprisonment charges into the robbery charge. We affirm Bonner's conviction and sentence for robbery and false imprisonment but vacate his sentences for battery and remand for resentencing.

1. In his first and second enumerations of error, respectively, Bonner argues that his convictions should be reversed because trial counsel was ineffective when he failed to cross-examine the co-defendant and when he did not poll the jury. We disagree.

> To prevail on a claim of ineffective assistance of counsel, a defendant must show two things: (1) that counsel's performance was deficient, and (2) that the deficiency prejudiced the defense to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. The trial judge, who oversaw the trial and heard the evidence presented at the hearing on the motion for new trial, makes the findings on whether the performance was deficient and whether it prejudiced the defendant, findings that this Court does not disturb unless clearly erroneous.[1]

Since appellant must show both that counsel performed deficiently and that actual prejudice stemmed from the deficient performance, an insufficient showing on either prong relieves the reviewing court

---

[1] (Footnotes omitted.) *Clowers v. State*, 299 Ga. App. 576, 577 (2) (683 SE2d 46) (2009).

of the need to address the other prong.[2]

(a) *Failure to cross-examine the co-defendant.* Prior to trial, Bonner's co-defendant, Clayton Singletary, pled guilty to the same charges brought against Bonner. The record shows that Singletary also pled guilty to offenses charged in two other indictments, and that Bonner was named as one of the co-defendants in those cases as well. The maximum possible sentence for Singletary's offenses was two consecutive life sentences plus 55 years, but Singletary negotiated a plea deal in exchange for his agreement to testify truthfully at all trials involving any of his co-defendants. After testifying in Bonner's trial, Singletary was sentenced to twenty-five years, ten of which he would serve in custody.[3]

Bonner argues that trial counsel should have cross-examined Singletary about his plea deal in order to inform the jury of the favorable treatment given to Singletary in exchange for his testimony. At the hearing on the motion for new trial, trial counsel testified that he did not inquire into Singletary's plea because Bonner and Singletary were friends; that he thought the jury would infer that Bonner was a co-defendant in the other cases against Singletary; and that he only wanted the jury to hear about the facts of the instant case.

"[T]he scope of cross-examination is grounded in trial tactics and strategy, and will rarely constitute ineffective assistance of counsel."[4] Even though counsel is permitted to cross-examine thoroughly a testifying co-defendant about the terms of his plea agreement, it does not necessarily follow that counsel is ineffective for failing to do so.[5] In the instant case, trial counsel's decision not to question Singletary because of the potential harm to Bonner was a tactical and strategic decision. "When ruling on a claim of ineffective assistance, this Court does not evaluate counsel's trial tactics and strategic decisions in hindsight."[6] Furthermore, "tactical decisions provide no grounds for reversal unless they are so patently unrea-

---

[2] *Allen v. State*, 286 Ga. 392, 398 (5) (687 SE2d 799) (2010).

[3] For the crimes against the victim in the instant case, Singletary received a sentence of ten years to serve on probation on the false imprisonment and robbery charges, respectively, to run concurrently with each other but consecutive to his sentence in one of his other cases, and the simple battery charges were merged into the robbery count.

[4] (Citation and punctuation omitted.) *Cooper v. State*, 281 Ga. 760, 762 (4) (a) (642 SE2d 817) (2007). See also *McDaniel v. State*, 279 Ga. 801, 803 (2) (c) (621 SE2d 424) (2005) ("decisions on . . . whether and how to conduct cross examinations, and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with his client") (citation and punctuation omitted).

[5] See *Daugherty v. State*, 291 Ga. App. 541, 544 (3) (a) (662 SE2d 318) (2008).

[6] (Citation and punctuation omitted.) *Hall v. Terrell*, 285 Ga. 448, 455 (II) (E) (679 SE2d 17) (2009).

sonable that no competent attorney would have chosen them.'"[7] Here, we cannot say that trial counsel's failure to cross-examine Singletary about his plea was patently unreasonable, particularly in light of the potential prejudice to Bonner that trial counsel was trying to avoid.

Even if we assume, however, that trial counsel performed deficiently in this regard, Bonner cannot show that he was prejudiced thereby in light of the overwhelming evidence against him. The victim, a taxi cab driver, testified that at approximately 1:00 a.m. on January 20, 2007, he picked up Bonner and Singletary and asked them to pay the fare before driving to their destination; that they directed him into an apartment complex; that Bonner punched him in the face with a cell phone, then they dragged him over the front seat of his car onto the floor of the rear seat, restrained and beat him, and that both men took his cell phone, wallet, and his money. Additionally, there was a camera in the victim's taxi that took a picture of Bonner that was introduced into evidence. Bonner testified that he was in Singletary's company on the night in question; that they rode in the taxi cab driven by the victim, who told him they had to pay $30 up front and the remainder after they reached their destination; that the victim prolonged the cab ride unnecessarily then asked for more money; that he punched the victim as he exited the cab; and that the victim exited the cab and charged him.

Even in the absence of Bonner's testimony placing him at the scene and acknowledging that he hit the victim, however, the victim's testimony alone is sufficient to establish the facts necessary to support Bonner's convictions.[8] Consequently, Bonner cannot show that there was a reasonable probability that the outcome of the trial would have been different if his trial counsel had cross-examined Singletary about his plea deal. Accordingly, this claim of ineffectiveness fails.

(b) *Failure to poll the jury.* Bonner argues that the failure to conduct the poll of the jury rendered trial counsel deficient because the verdict may not have been unanimous. In support of his contention, Bonner relies on the fact that the jury reported that it was deadlocked on Count 3 (false imprisonment) and that a pregnant juror was upset, then returned a verdict of guilty on all counts 30 minutes later. Bonner's argument requires that we make the assumption that the pregnant juror was the holdout juror and was coerced into voting guilty on Count 3 to conclude the deliberations.

---

[7] (Punctuation and footnote omitted.) *Serrate v. State*, 268 Ga. App. 276, 278 (2) (c) (601 SE2d 766) (2004).

[8] See OCGA § 24-4-8.

But there is no evidence in the record to support this assumption. As Bonner has cited no authority to support his position that a poll of the jury was required under these circumstances to provide effective representation, this ground of ineffectiveness also fails as "[o]ur courts have consistently rejected ineffective assistance claims based on the failure to conduct a poll."[9]

2. In his final enumeration of error, Bonner argues that the trial court erred when it failed to merge the battery and false imprisonment charges into the robbery charge. We agree that under the circumstances of this case, the simple batteries merge as a matter of fact.

> The key question in determining whether a merger has occurred is whether the different offenses are proven with the same facts. For example, if one crime is complete before the other takes place, the two crimes do not merge. However, if the same facts are used to prove the different offenses, the different crimes merge.[10]

Counts 1, 2, and 4 of the indictment charged Bonner with simple battery by "grabbing" the victim, "holding him down," and "hitting" him, respectively. Count 3 charged Bonner with false imprisonment for "unlawfully confin[ing] and detain[ing] . . . and "arrest[ing]" the victim. Count 5 charged that Bonner committed robbery when he "with intent to commit theft, did take the wallet, the property of [the victim] from the person and immediate presence of [the victim] by use of force *by hitting him*."[11]

Simple battery, as charged in this case, occurs when someone "[i]ntentionally makes physical contact of an insulting or provoking nature with the person of another."[12] A review of the evidence reveals that the conviction on Count 4 was based on the same act of physical violence, i.e. "hitting" the victim, used to effectuate the robbery.[13] Similarly, the crimes alleged in Counts 2 and 3 were ongoing during the robbery. In this regard, the evidence adduced at trial, viewed favorably to the verdict, shows that Bonner was beating the victim

---

[9] (Punctuation omitted.) *Marshall v. State*, 285 Ga. 351, 353 (4) (c) (676 SE2d 201) (2009), citing *Hodge v. State*, 287 Ga. App. 750, 753 (2) (a) (652 SE2d 634) (2007).

[10] (Citation and punctuation omitted.) *Lancaster v. State*, 281 Ga. App. 752, 754 (2) (637 SE2d 131) (2006). See OCGA § 16-1-6 (1).

[11] (Emphasis supplied.) See OCGA § 16-8-40 (a) (1) ("A person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another . . . [b]y use of force.").

[12] OCGA § 16-5-23 (a) (1).

[13] See, e.g., *Kinney v. State*, 234 Ga. App. 5, 6-8 (2) (505 SE2d 553) (1998) (Aggravated battery merged with robbery by force where defendant and the victim struggled over her purse and the victim was injured during the struggle.).

during the struggle to get the victim's money. The victim testified that after he stopped the mini-van/cab at the destination to which Bonner and Singletary had directed him, the following occurred:

> The guy who was behind me punched my face with something he had in his hand. I believe it was a cell phone. . . . Then they pulled me from the front seat into the back seat and hold me in the floor and keep beating me up and asking me, give me the money, give me the money. I give them all the money I had and they still keep beating me up.

When asked "how were they beating you up?" the victim testified:

> They pulled me from [the] front seat and I was in the back seat and the front seat laying down on the floor, and the light skin guy was on me and beating me up and the other guy was going through my pockets and took my jacket from me.

He clarified that he did not give anybody the money, "they just took it from my pockets. I told them, all the money I have, you guys keep it, and they just keep beating me up." He also testified that one man was taking his money while the other was hitting him in the face. He added that he did not have time to get away from the two men. Bonner testified that he was fighting with the victim and "couldn't let him go because if I let him go he would run out of the taxi. He could have got away." Singletary testified that the "cab driver was trying to get loose . . . and [Bonner] would not let him." During this time, Singletary was taking the victim's money out of his jacket.

The three batteries were part of a continuous criminal act and thus merged into one.[14] The "use of force" charged in connection with the robbery was "hitting," which is the same type of force used in the continuous battery. The single continuous act of simple battery was the evidence required to show the "force" used to accomplish the robbery, and, therefore, the battery convictions merged with the robbery conviction.[15]

The trial court did not err in failing to merge the false impris-

---

[14] See *Thompson v. State*, 291 Ga. App. 355, 361 (5) (662 SE2d 135) (2008) (Two counts of battery, one for hitting the victim in the mouth and one for hitting her in the eye, merged into one where there was no evidence of "two completed exchanges separated by a meaningful interval of time or with distinct intentions.").

[15] See id.; *Davis v. State*, 186 Ga. App. 491, 492 (2) (367 SE2d 884) (1988) (evidence did not authorize conclusion that assault with pistol was "completed" between time appellant fired shots while on the run and time when he caught up with victim and attempted to fire

onment with the robbery, however. A defendant's conduct "may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution . . . under the other."[16] Robbery does not require proof that the victim was confined and detained without legal authority, and false imprisonment does not require a theft. As such, the offenses do not merge.[17]

*Judgment affirmed, sentence vacated in part, and case remanded for resentencing. Smith, P. J., and Adams, J., concur.*

## DECIDED MARCH 28, 2011.

*David C. Butler*, for appellant.
*Patrick H. Head, District Attorney, Amelia G. Pray, Christopher W. Timmons, Assistant District Attorneys*, for appellee.

---

additional shots). Compare *Hug v. State*, 205 Ga. App. 746, 747 (1) (423 SE2d 700) (1992) (act of assaulting victim with hammer was completed before shooting occurred); *Coaxum v. State*, 146 Ga. App. 370, 371 (3) (246 SE2d 403) (1978) (no merger where aggravated assault conviction was based on violent acts that were "gratuitous and unconnected" with the theft of the victim's money).

[16] (Punctuation and footnote omitted.) *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006).

[17] See id. at 217 ("Although each of the crimes shared [an] essential element . . . , and the crimes occurred during a single act by the defendant, each crime was established by proof of a fact not required to establish the other crimes."). Cf. *Ingram v. State*, 279 Ga. 132, 133-134 (2) (610 SE2d 21) (2005) (Conviction of aggravated assault for the first attempt to strangle the victim was part of continuous criminal act of choking the victim to death, and, therefore, it merged with conviction of malice murder.).