# Court of Appeals
# of the State of Georgia

ATLANTA,  October 26, 2017

*The Court of Appeals hereby passes the following order:*

## A18A0482.  KENNETH D. JACOBS v. THE STATE.

Following a 2008 bench trial, Kenneth Jacobs was convicted of six counts of aggravated assault with a deadly weapon.  The trial court imposed concurrent twenty-year prison sentences for five of the convictions and a consecutive sentence of twenty years of probation for the remaining conviction.  We affirmed Jacobs's judgment of conviction on direct appeal in 2009.  *Jacobs v. State*, 299 Ga. App. 368 (683 SE2d 64) (2009).

In July 2017, Jacobs filed a motion to correct a void sentence, which the trial court dismissed.  Jacobs then filed this direct appeal.[1]  We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010).  Once this statutory period expires, a trial court may modify only a void sentence.  Id.  A sentence is void if the court imposes punishment that the law does not allow.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f).  See id.  Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time

---

[1] Jacobs also has filed an application for discretionary appeal, seeking review of the same trial court order.  Jacobs's discretionary application currently is pending before this Court as Case No. A18D0137.

period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

In his motion to correct a void sentence, Jacobs contended that the trial court erred in imposing sentences for each of his convictions, because, he alleged, the same facts were used to establish all six offenses. Jacobs's claim, in essence, is that the court should have merged his convictions. See, e.g., *Bonner v. State*, 308 Ga. App. 827, 830 (2) (709 SE2d 358) (2011) ("The key question in determining whether a merger has occurred is whether the different offenses are proven with the same facts.") (punctuation omitted). Jacobs's merger claim is a challenge to his convictions, and not his sentences, and thus does not state a valid void-sentence claim. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010). To the extent that Jacobs's motion could be construed as seeking to vacate or modify his convictions, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction. See *Frazier*, 302 Ga. App. at 348-349.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  10/26/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

  *, Clerk.*