# Court of Appeals
# of the State of Georgia

ATLANTA,  February 28, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1412.  WILLIAM DONALD ANDREWS v. THE STATE.**

In 1997, a jury found William Donald Andrews guilty of burglary ("Count 1"), four counts of aggravated assault ("Counts 2-5"), possession of a firearm during the commission of a felony ("Count 6"), and possession of a firearm by a convicted felon ("Count 7"). The trial court imposed a 10-year prison sentence on Count 1, a 20-year prison sentence each on Counts 2-5 to run concurrently with each other but consecutively to Count 1, and 5-years prison terms each on Counts 6 and 7 to run consecutively to the other counts. This Court affirmed Andrews's convictions in an unpublished decision in 2004. *Andrews v. State*, No. A04A0113 (Jan. 22, 2004). In July 2011, Andrews filed a motion to correct a void sentence, which the trial court denied. Andrews then filed this direct appeal. We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, as is the case here, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). See id. Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

In his motion to correct a void sentence, Andrews contended that the trial court erred in imposing consecutive sentences for his convictions on Counts 1, 2-5, and 6, because, he alleged, the same facts were used to establish all six offenses. Andrews's claim, in essence, is that the court should have merged his convictions. See, e.g., *Bonner v. State*, 308 Ga. App. 827, 830 (2) (709 SE2d 358) (2011) ("The key question in determining whether a merger has occurred is whether the different offenses are proven with the same facts.") (punctuation omitted). Andrews's merger claim is a challenge to his convictions, and not his sentences, and thus does not state a valid void-sentence claim. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010). To the extent that Williams's motion could be construed as seeking to vacate or modify his convictions, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction. See *Frazier*, 302 Ga. App. at 348-349.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,* __02/28/2019__
   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*