# Court of Appeals
# of the State of Georgia

ATLANTA,  April 23, 2019

*The Court of Appeals hereby passes the following order:*

## A19A1608.  JOHN HUGHES v. THE STATE.

In 2011, following a jury trial, John Hughes was convicted of hijacking a motor vehicle, armed robbery, attempted kidnapping, obstruction, and marijuana possession, and the trial court sentenced him to a total term of 20 years to serve in confinement. We affirmed Hughes's convictions on appeal after the trial court denied his motion for new trial. See *Hughes v. State*, 323 Ga. App. 4 (746 SE2d 648) (2013). Since that time, Hughes has filed multiple post-convictions motions, including the instant January 2019 "Motion to Vacate Void Sentences: To Correct and Modify Sentence." The trial court denied the motion on January 22, 2019, and Hughes then filed the instant direct appeal on February 26, 2019. We, however, lack jurisdiction.

First, a notice of appeal must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). Because Hughes filed his notice of appeal 35 days after entry of the trial court's order, his appeal is untimely.

Second, even if Hughes's appeal had been timely filed, this Court would still lack jurisdiction. "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). And a direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact,

void. See *Harper v. State*, 286 Ga. 216, 217 (1), n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Hughes alleges that his sentence is void because the same facts were used to establish his convictions for hijacking a motor vehicle, armed robbery, and attempted kidnapping. Hughes's claim, in essence, is that the court should have merged his convictions. See, e.g., *Bonner v. State*, 308 Ga. App. 827, 830 (2) (709 SE2d 358) (2011) ("The key question in determining whether a merger has occurred is whether the different offenses are proven with the same facts.") (punctuation omitted). Hughes's merger claim is a challenge to his convictions, and not his sentences, and thus does not state a valid void-sentence claim. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010). To the extent that Hughes's motion could be construed as seeking to vacate or modify his convictions, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper*, 286 Ga. at 218 (1), and any appeal from an order denying or dismissing such a motion must be dismissed. See id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

For these reasons, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
 Clerk's Office, Atlanta,___04/23/2019_____
 I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
 Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____, Clerk.