# Court of Appeals
# of the State of Georgia

ATLANTA,  April 07, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1561. LDARIAN ANTWON COLBERT v. THE STATE.**

In 2015, Ldarian Antwon Colbert pleaded guilty to one count of armed robbery and one count of aggravated assault. The trial court sentenced him to 20 years with 16 years to serve in confinement for armed robbery and 10 years of probation, to be served consecutively, for aggravated assault. Years later, Colbert filed a motion to vacate a void sentence, arguing that the split sentence for armed robbery was not authorized and that the offenses merged.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, as is the case here, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones*, 278 Ga. at 670.

In his motion to vacate a void sentence, Colbert contends that OCGA § 17-10-6.1 precludes the imposition of a split sentence for his armed robbery conviction, which is designated as a "serious violent felony." Colbert's argument in this regard is not entirely clear. Presumably, Colbert is referring to OCGA § 17-10-6.1 (c) (4),

which provides that "any sentence imposed for the first conviction of any serious violent felony shall be served in its entirety as imposed by the sentencing court" and not be reduced by the State Board of Pardons and Paroles. Nothing in this statute precludes the trial court from probating a portion of a sentence. Accordingly, Colbert's sentence is not void on this basis.

Colbert also contends that his sentence is void because the armed robbery and aggravated assault convictions merged. See, e.g., *Bonner v. State*, 308 Ga. App. 827, 830 (2) (709 SE2d 358) (2011) ("The key question in determining whether a merger has occurred is whether the different offenses are proven with the same facts.") (punctuation omitted). Such a merger argument is a challenge to a conviction rather than a sentence, and thus does not constitute a valid void-sentence claim. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010).

Because Colbert has not raised a valid void sentence claim, his appeal is hereby DISMISSED.  See *Frazier*, 302 Ga. App. at 348-349.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, 04/07/2020*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*