# Court of Appeals
# of the State of Georgia

ATLANTA,  August 24, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1978.  ARTHUR SHERMAINE BUSSEY v.THE STATE.**

In 2015, Arthur Shermaine Bussey was charged with two counts of aggravated assault. Count 1 alleged that Bussey stabbed the victim in the chest, and Count 2 alleged that he stabbed the victim in the back. Bussey pled guilty to both counts and received a total sentence of 30 years, to serve 20 in confinement and the remainder on probation. In 2020, Bussey filed a "Motion to Challenge Constitutionality of the Indictment," in which he argued that the indictment was "facially multiplicitous" and that the two counts should have merged under Georgia statutory and federal constitutional law. The trial court interpreted the motion as one to vacate a void sentence and denied it, and Bussey appeals. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period has expired, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones*, 278 Ga. at 670.

As noted, Bussey argues that his sentence is void because his two aggravated

assault convictions should have merged. See, e.g., *Bonner v. State*, 308 Ga. App. 827, 830 (2) (709 SE2d 358) (2011) ("The key question in determining whether a merger has occurred is whether the different offenses are proven with the same facts.") (punctuation omitted). Such a merger argument is a challenge to a conviction rather than a sentence, and thus does not constitute a valid void-sentence claim. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010).

Because Bussey has not raised a valid void sentence claim, his appeal is hereby DISMISSED. See *Frazier*, 302 Ga. App. at 348-349.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__08/24/2020_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____, *Clerk.*