# Court of Appeals
# of the State of Georgia

ATLANTA,  September 17, 2020

*The Court of Appeals hereby passes the following order:*

**A21A0171.  JOSEPH J. JORDAN v. THE STATE.**

On February 15, 2018, Joseph J. Jordan entered a guilty plea to homicide by vehicle in the first degree and two counts of serious injury by vehicle. Jordan was sentenced to a total of 45 years total, with 33 years to serve in confinement and the remainder on probation. On November 12, 2019, Jordan filed his "Pro Se Extraordinary Motion for Cause Hearing i.e. Challenge Unethical Unconstitutional 'Void' Conviction, Sentence & Judgment," in which he challenged the validity of his both his conviction and his sentence.  He also filed a "Motion to Correct a Void Sentence" on December 2, 2019, and a "Motion to Amend Motion to Correct a Void Sentence" on April 13, 2020. In a single order, the trial court denied his motions, and Jordan appeals from that order.  We, however, lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); see also *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004). Any appeal from an order denying or dismissing such a motion must be dismissed.  See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010); *Harper*, 286 Ga. at 218 (2). Thus, Jordan's challenge to his conviction must be dismissed.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.[1] *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010).

---

[1] On March 19, 2018, Jordan filed a motion to withdraw his guilty plea.  After that motion was denied, Jordan filed several notices of appeal, and while those

Once, as here, this statutory period has expired, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones*, 278 Ga. at 670.

In his motion, Jordan argued that his sentence is void due to the failure to merge the offenses because the factual predicate of driving under the influence was "used up" by the homicide by vehicle count. See, e.g., *Bonner v. State*, 308 Ga. App. 827, 830 (2) (709 SE2d 358) (2011) ("The key question in determining whether a merger has occurred is whether the different offenses are proven with the same facts.") (punctuation omitted). Such a merger argument is a challenge to a conviction rather than a sentence, and thus does not constitute a valid void-sentence claim. See *Williams v. State*, 287 Ga. 192, 193-194 (695 SE2d 244) (2010).

---

appeals were pending, he filed the instant motions in the trial court. Because the trial court would not consider his motions, he moved to withdraw his direct appeals, and his motion was granted on February 11, 2020. See Case Nos. A19A1831 and A19A2001.

Because Jordan has not raised a valid void-sentence claim, his appeal is hereby DISMISSED. See *Frazier*, 302 Ga. App. at 348-349.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  *09/17/2020*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*