# Court of Appeals
# of the State of Georgia

ATLANTA,   August 07, 2019

*The Court of Appeals hereby passes the following order:*

## A19A2442.  MICHAEL TIPPINS, SR. v. THE STATE.

In March 2000, a jury found Michael Tippins, Sr., guilty of multiple sex offenses, and the trial court imposed a total sentence of 30 years in prison.  We affirmed his judgment of conviction on direct appeal.  *Tippins v. State*, No. A00A2196 (Feb. 26, 2001).  Between 2014 and 2019, Tippins filed multiple motions raising several arguments challenging his convictions and sentences as void. The trial court denied each of these motions in orders entered in June 2019.  Tippins then filed this direct appeal, seeking review of the June 2019 orders.  We lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case."  *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).  Any appeal from an order denying or dismissing such a petition or motion must be dismissed.  See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper*, 286 Ga. at 218 (2).  Consequently, this Court lacks the authority to review Tippins's post-appeal challenges to his convictions.  See *Roberts*, 286 Ga. at 532; *Harper*, 286 Ga. at 218 (2).

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence.  Id.  A sentence is void if the court imposes punishment that the law does not allow.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  When a sentence falls within the statutory range of punishment, it is not void and is not subject to

modification beyond the time provided in § 17-10-1 (f).  See id.  Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void.  *Frazier*, 302 Ga. App. at 348.

In his motions to correct a void sentence, Tippins contended that: (i) his indictment was fatally defective; (ii) the trial court inappropriately polled the jury during deliberations; and (iii) his trial counsel rendered ineffective assistance in several respects.  None of these challenges – which are directed to Tippins's convictions, and not his sentences – raise a colorable argument that his sentence is void.  See *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) ("Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides.").

For each of the above reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.  See *Roberts*, 286 Ga. at 532; *Harper*, 286 Ga. at 218 (2); *Jones*, 278 Ga. at 671; *Frazier*, 302 Ga. App. at 349.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  08/07/2019
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.


, *Clerk.*