# Court of Appeals
# of the State of Georgia

ATLANTA,  November 12, 2020

*The Court of Appeals hereby passes the following order:*

## A21A0437. CHARLES DAVIS v. THE STATE.

In 2018, a jury convicted Charles Davis of aggravated assault, possession of a firearm during the commission of a crime, and influencing a witness, and he received consecutive sentences of 20 years for aggravated assault, 5 years for the possession of a firearm during the commission of a crime, and 5 years for influencing a witness. Davis did not appeal his convictions. In 2020, he filed a motion to correct a void sentence, claiming that there were problems with his indictment for the aggravated assault charge and the arrest warrant for the possession of a firearm charge. On September 11, 2020, the trial court entered an order dismissing the motion. Davis has filed this direct appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). See id. Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Davis's challenges to his indictment and his arrest warrant do not call into question the validity of his sentences and therefore do not state valid void-sentence

claims. See *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) ("Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."); *Jones*, 278 Ga. at 670. To the extent that Davis sought to call into question the validity of his underlying convictions, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

For these reasons, we hereby DISMISS this appeal for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,  11/12/2020*
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*


                                                                , *Clerk.*