# Court of Appeals
# of the State of Georgia

ATLANTA,  May 18, 2021

*The Court of Appeals hereby passes the following order:*

## A21A1365. DAVID MARTIN v. THE STATE.

A jury found David Martin guilty of aggravated child molestation and sexual battery in 2014, and we affirmed his convictions on direct appeal.[1] See *Martin v. State*, No. A17A0606 (Mar. 29, 2017). In 2020, Martin filed a motion to set aside his judgment of conviction under OCGA § 9-11-60 on the ground that the juvenile court, rather than the superior court, had jurisdiction over his prosecution. The superior court denied the motion, and we dismissed Martin's ensuing appeal on the ground that a motion to set aside or vacate a judgment of conviction is not an established procedure for challenging the validity of a criminal conviction. See *Martin v. State*, No. A21A0216 (Dec. 2, 2020).

In February 2021, Martin filed: (i) a motion for an evidentiary hearing and discovery; (ii) a motion for "relitigation due to change in facts and law"; and (iii) a motion to correct an "illegal/void sentence." At the heart of each of these motions is Martin's claim that the juvenile court, rather than the superior court, had jurisdiction over his prosecution. The trial court denied all three motions in a single order, and Martin filed this direct appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal,

---

[1] In October 2017, Martin filed an untimely motion in arrest of judgment, which the superior court denied. On appeal, we vacated the superior court's order and remanded with instructions for the court to dismiss the motion. See *Martin v. State*, No. A19A0025 (Apr. 15, 2019).

whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. "A sentence is void if the court imposes punishment that the law does not allow." *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (punctuation omitted). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). See id. Moreover, a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Martin has not raised a colorable claim that his sentences are void, because his challenges to the superior court's jurisdiction over his prosecution have no bearing on whether his sentences fall within the statutory ranges of permissible punishments for the crimes of which he was convicted. See *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) ("Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."). Rather, Martin's challenges in that regard – in each of the three motions at issue here – target the validity of his convictions.

As we explained in Martin's prior appeal, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion must be dismissed, see id. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Consequently – and pretermitting whether our dismissal of Martin's prior appeal in Case No. A21A0216

2

renders the current appeal barred by the law of the case[2] – Martin is not entitled to a direct appeal here. Therefore, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*  05/18/2021
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

    *Stephen E. Castlen*
_____ *, Clerk.*

---

[2] See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("[A]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court . . . .") (punctuation omitted); see also *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001) (a party "is not entitled to another bite at the apple by way of a second appeal").